FILED
RICHARD W. NAGEL
CLERK



## UNITED STATES DISTRICT COURT 2019 SEP 20 PM 2: 18
## SOUTHERN DISTRICT OF OHIO: WESTERN DIVISION

BRYAN KANU
    2663 WENDEE DR.
    APT. 1919
    CINCINNATI, OHIO, 45238
    PLAINTIFF

    -VS-

STEPHANIE MALOF,
    2160 GILBERT AVE.,
    APT. A
    CINCINNATI, OHIO 45206
    DEFENDANT

Case No. **1 : 1 9 C V 8 0 6**

**J. BARRETT**

**M.J. BOWMAN**

**Complaint**

---

### I. Subject Matter Jurisdiction

Original jurisdiction conferred on this court under 28 U.S. Code § 1331; 28 U.S. Code § 1343(a)(1); 28 U.S. Code § 1343(a)(2); 28 U.S. Code § 1343(a)(3); 42 U.S. Code § 1983; 42 U.S. Code § 1985(2); & 42 U.S. Code § 1986.

Supplemental jurisdiction under 28 U.S. Code § 1367 authorizes this court to hear state claims relating to R.C. 2307.60; R.C. 2921.52(E)

This court is the proper venue for this action pursuant to 28 U.S. Code §§ 1391(b)(1) & 1391(b)(2).

**R.C. 2923.34(J):** ...a civil proceeding or action under this section may be commenced at

any time within five years after the unlawful conduct terminates **or the cause of action**

**accrues**[.]

**28 U.S. Code § 1331:** The district courts shall have original jurisdiction of all civil

actions arising under the Constitution, laws, or treaties of the United States.

### II. Statements of Claim

### A. Liability

(1)     For all allegations of conduct that proximately caused Plaintiff's injuries, Plaintiff

seeks to hold the defendant strictly liable.

### B. The sham temporary order of protection

(2)     "A person may seek relief under [section 2903.214] for the person, or any parent

or adult household member may seek relief under this section on behalf of any other

family or household member, by filing a petition with the court." R.C. 2903.214(C). It's

necessary to cite the General Assembly's definition of *who* may seek relief under section

2903.214 as the authority to make the assertion that the temporary order referred to

throughout this complaint is sham legal process; it's also necessary to cite the General

Assembly's operating procedure for how to proceed once a petition seeking relief under

section 2903.214 has been filed:

> *If a person who files a petition pursuant to this section requests an ex*
> *parte order*, the court shall hold an ex parte hearing as soon as possible
> after the petition is filed, but not later than the next day that the court is in
> session after the petition is filed. The court, for good cause shown *at the ex*
> *parte hearing*, may enter any temporary orders, with or without bond, that
> the court finds necessary for the safety and protection of the person to be
> protected by the order… See *R.C. 2903.214*.
> ***
> *If a person who files a petition pursuant to this section does not request an*
> *ex parte order*...the court shall proceed as in a normal civil action and
> grant a full hearing on the matter. See *R.C. 2903.214(D)(3)*.

It logically follows from the statute itself that the only person(s) who can seek relief

under section 2903.214 are the person herself and/or *"any parent or adult household*

*member...on behalf of any other family or household member*." Because the legislature

has specified *who* may petition for relief under this part of the code, then it follows that

only those persons to whom the legislature has explicitly *reserved* this power *for* have the

2

ability to request an ex-parte hearing; it then follows that *if* the person within whom the power lies -- under this part of the code -- *has not requested* an ex-parte hearing, R.C. 2903.214 -- *as enacted* -- requires the Court to "proceed as in a normal civil action and grant a full hearing on the matter." Hamilton County's Loc. R. 37(C)(1) is Hamilton County's restatement of R.C. 2903.214(D); the Hamilton County is aware that *the Petitioner must request* an ex-parte hearing in order for the court to hold a hearing pursuant to 2903.214. Any *use* of the *sham* legal process resulting from that unlawfully[1] held ex-parte hearing is prohibited by R.C. 2921.52(B), and is the first corrupt activity in what has turned out to be a pattern of corrupt activities that will be described. Summarily, it was unlawful[2] for a (former) Hamilton County Magistrate to: (i) hold an ex-parte hearing on June 29, 2017; and (ii) then issue a temporary order of protection *when the Petitioner did not request an ex-parte hearing[3]*.

(3)     At all times relevant, the defendant has known that she did not request an emergency ex-parte protection order on June 29, 2017; has known that the Plaintiff was not present in court to be served the *unlawfully issued*, *sham* temporary order of

---

[1] "The subpoenas were invalid because they had been issued without approval from or notice to the grand jury. *Id.*at 913. The attorney thereby violated Arizona statutes requiring either grand jury approval or notification. We held that the attorney was not entitled to absolute immunity from § 1983 claims brought by the improperly subpoenaed publishers. *Id* 'Where the prosecutor has side-stepped the judicial process, he has forfeited the protections the law offers to those who work within the process.'" *Stapley v. Pestalozzi*, 733 F. 3d 804 - Court of Appeals, 9th Circuit 2013 citing *Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012) (internal citations omitted).

[2] "'Lawfully issued" means...issued, or rendered in accordance with the United States constitution, the constitution of a state, and the applicable statutes, rules, regulations, and ordinances of the United States, a state, and the political subdivisions of a state." See *R.C. 2921.52(A)(1)*.

[3] Plaintiff has a copy of the original Petition for the CSPO filed on June 29, 2017, and the Petition shows that the Petitioner did not ask the Court for an ex-parte hearing. Therefore, the Court was to proceed *as in a normal civil action* according to the applicable statute, 2903.214(D)(3). See Appendix A, *Petition*.

3

protection on June 29, 2017; and has known that the Plaintiff has been subjected to the *use of sham legal process against* him.

(4)     At all times relevant, the Plaintiff did not become aware that he was being unlawfully deprived of his constitutional rights until December 17, 2018[4].

### C. Other Relevant Statutes

(5)     At all times relevant, R.C. 2921.52 is a legislative enactment, passed by Ohio's General Assembly to protect people like the Plaintiff from another person using any instrument that: (1) is not lawfully issued; (2) purports to be a summons, subpoena, judgment, or order of a court, a law enforcement officer, or a legislative, executive, or administrative body; assert jurisdiction over or determine the legal or equitable status, rights, duties, powers, or privileges of any person or property; or require or authorize the search, seizure, indictment, arrest, trial, or sentencing of any person or property; and (3) is designed to make another person believe that it is lawfully issued. "Lawfully issued" means adopted, issued, or rendered in accordance with the United States constitution, the constitution of a state, and the applicable statutes, rules, regulations, and ordinances of the United States, a state, and the political subdivisions of a state.

### D. Counts

### *Counts One through Ten - Deprivation of rights; Deprivation of Rights Conspiracy*

(6)     Paragraphs 1-5 are hereby hereby repeated and incorporated as if fully set forth herein.

---

[4] See Appendix A, *Motion To Dismiss Ex Parte Order Under Fed. R. Civ. Pr. 12(b)(6) & Fed. R. Civ. Pr. 60(d)(3)*

(7)     On or around June 29, 2017, the defendant did -- under color of R.C.

2903.214(D)(1) -- cause the Plaintiff to be subjected to the deprivation of his right to due

process; the deprivation of his right to a fair trial; and the deprivation of his right to be

free from unreasonable seizures when she facilitated and then participated in the

*unlawfully* held ex-parte hearing on June 29, 2017 in the Hamilton County, Ohio's Court

of Common Pleas.

> (a) At that unlawfully held ex-parte hearing, an unnamed Cincinnati Police
>
> Officer[5] did knowingly conspire with another unnamed Hamilton County
>
> Magistrate Judge to unlawfully issue a *sham* temporary order of protection
>
> in order to facilitate the Plaintiff's deprivation of his constitutional rights.

(8)     From on or around June 29, 2017, -- directly caused by the defendant's June 29,

2017 act or omission which caused *sham legal process to be issued* and subsequently

*used* on the Plaintiff -- and continuing to the present day, the defendant has knowingly

been cooperating[6] with City of Cincinnati and Hamilton County employees plan to harass

the Plaintiff and thereby delay him from causing a criminal prosecution to be sought or

instituted; by engaging or attempting to engage in misleading conduct toward the

Plaintiff; and by attempting to threaten the Plaintiff with intent to delay and/or to prevent

him from communicating to a law enforcement officer or judge of the U.S. information

---

[5] A Cincinnati Police Officer with a documented history of police misconduct. (see Appendix D, *Suit kicks off battle over racial profiling*).

[6] "*[The Defendant]:*...Detective Ploehs called him and said, don't contact her...[s]o following up, we did decide to go along with telecommunications harassment...*[The Court]:* Okay. So he's been charged with telecommunications harassment in Case 17/CRB/16366, right?...We have to set these within ten business days. So here's what I need to do. I'm going to set this for a hearing here on the 14th. That's a Friday. That will be at 10 o'clock in the morning right back here. When you come in here on that day, you'll be out of here pretty quick, and we'll continue it out until this case is over with, okay? *[The Defendant]:* Okay...*[The Detective]:* Thank[s], Your Honor." *Malof v. Kanu*, Hamilton County Ct. of Common Pleas Civil Case No. SK-17-816, *Ex Parte Hearing - Transcript of Proceedings*, (6-29-2017)

5

relating to several political subdivision government employees depriving, and **conspiring to deprive** -- under color of R.C. 2903.214(D)(1) -- **the Plaintiff** of his right to bear arms, his right to due process, his right to be free from unreasonable seizures, and his right to a fair trial; a Federal offense under 18 U.S. Code § 241.

      (a) Specifically, the defendant did conspire with a Cincinnati Police Officer and Hamilton County Magistrate to cause the Plaintiff to be subjected to the deprivation of his right to due process when said City of Cincinnati Police Officer willingly participated in the *unlawfully held* ex-parte hearing on June 29, 2017.

        (i) "*[The Court]:* Okay. So, Detective,you told him back in February to stop it, right?...*[The Detective]:* Correct...*[The Detective]:* Your Honor, I think he's supposed to go for arraignment this afternoon at 12:30. *[The Court]:* Yes, he is. *[The Detective]:* That was the court date that was originally. Is there any way we can serve him today or not?...*[The Court]:* We can try. We can let the sheriff's office know and as long as he shows up, we'll give it a shot....*[The Court]:* 12:30, Room A. So we'll give that a shot today. If they don't run into them today, then we'll send a sheriff out to his place...*[The Detective]:* I'll keep in contact with the sheriff's department today and see what they find."

(9) On or around July 14, 2017, -- directly caused by the defendant's June 29, 2017 act or omission which caused *sham legal process to be issued* and subsequently *used* on the Plaintiff -- the defendant did cause the Plaintiff to be subjected to the deprivation of his right to be free from unreasonable seizures after a Hamilton County Deputy Sheriff made a materially false and/or fraudulent statement on a Hamilton County Sheriff's Writ that reported that the Plaintiff had been served a copy of the *sham* temporary order of protection on June 29, 2017. As a direct result of the defendant causing *sham* legal

6

process to be issued by a Hamilton County Magistrate on June 29, 2017, the Loveland
Police Department radioed Central Warrants on June 30, 2017; a radio transmission was
then made over a wire perpetuating the false impression as to law that the *sham
temporary order of protection* was issued in accordance with the applicable Ohio Revised
Code statutes on on June 29, 2017, and was served on the Plaintiff on June 29, 2017.

(10)     **Beginning on or around July 14, 2017,** -- directly caused by the defendant's
June 29, 2017 act or omission which caused *sham legal process to be issued* and
subsequently *used* on the Plaintiff -- **the defendant began cooperating in a common
plan with other City of Cincinnati and Hamilton County employees to** conceal the
fact that the Plaintiff conceal Hamilton County Sheriff's Writs proving that service of the
*unlawfully issued, sham* temporary order of protection had not been made on June 29,
2017.

> (a) It was on July 14, 2017 **that the defendant, who was also present in the
> courtroom, did cause** -- after the Loveland Police Department had issued
> a secured a warrant for the arrest of the Plaintiff for violating the *sham*
> temporary order of protection -- **the Plaintiff to be** subjected to the
> deprivation of his -- under color of R.C. 2903.214 -- of his right to be free
> from unreasonable seizures after the Hamilton County Magistrate that
> *unlawfully issued the sham temporary order of protection* caused the
> Hamilton County Sheriff Department to falsely imprison the Plaintiff[7]; **the
> Plaintiff's first false imprisonment[89] proximately caused by the**

---

[7] See Appendix B, *Complaint, Affidavit*

[8] "*[The Court]:* All right. I want you to have a seat right there. Yes, you. Have a seat right there.
*[Plaintiff]:* Right here? *[The Court]:* Right in the jury box, sir. *[Plaintiff]:* You just pointed over here, sir.

7

**defendant's participation in the unlawfully held, ex-parte hearing on June 29, 2017.**

(11)     On or around January 10, 2018, the defendant did knowingly deprive, and did **knowingly cooperate in a common plan** -- being executed by employees of Hamilton County and the City of Cincinnati -- **to deprive the Plaintiff of his constitutional rights** -- to be free from unreasonable seizures; to a fair trial; to due process; and to bear arms -- **when she asked a City of Cincinnati employee to** *use sham legal process* **to arrest the Plaintiff.**

(12)     **Between August 13, 2018 and October 4, 2018,** -- directly caused by the defendant's June 29, 2017 act or omission which caused *sham legal process to be issued* and subsequently *used* on the Plaintiff -- **the defendant did cooperate in a common plan** -- with Hamilton County and City of Cincinnati employees -- **to deprive** -- under color of R.C. 2903.214 -- the Plaintiff of his right to bear arms; his right to due process; his right to be free from unreasonable seizures; and his right to a fair trial when she caused the pro se Plaintiff to be subjected to unlawful interference with his right to the defendant as a witness in a criminal case against the Plaintiff. The Plaintiff's right to a fair trial was proximately caused by the defendant subjecting the Plaintiff to the deprivation of his right to due process on June 29, 2017, at which time *sham legal process* began being *used* on the Plaintiff.

(a) "*[The Court]:* All right. Hold on. The motion to compel discovery is denied as the State has delivered -- *[Plaintiff]:* I never got a bill of particulars for example. *[The Court]:* -- hold on...let me finish and then

---

*[The Court]:* Well, where else are there seats? *[Plaintiff]:* Well, I could have sat on the ground. I don't know. *[Bachman]:* Go ahead. Sit your ass on the ground. I don't care." *Malof v. Kanu,* Hamilton County Ct. of Common Pleas Civil Case No. SK-17-816, *Transcript of Proceedings,* SK-17-816 (7-14-2017).
[9] See Appendix B, *Investigation Report*

8

> you can go on. Has delivered all discovery to defendant and at previous
> trial setting. All right. Mr. Rengering, what about the motion of bill of
> particulars and all of that?...*[Plaintiff]:* I believe there is information that
> [a Hamilton County Employee] has been sent that is relevant to
> impeaching witnesses at trial, which are provable. <u>For example,
> knowledge of concealed information, and I would like to know exactly
> what information has already -- what else has been concealed. For
> example, in case C17/CRB/17911 Mr. Rengering is obviously a part of
> that, he was aware that I had not been served the TPO until 7-7 and yet for
> some reason, Mr. Prem continued to argue that they were not aware of that
> service date. So I just believe that there has been intentionally concealed
> information that is relevant to my defense that I need to prepare for my -- I
> guess I need it in order to better prepare for my defense.</u>" *Id.*

(13)    **From, on or around July 8, 2019, through August 1, 2019,** -- directly caused

by the defendant's June 29, 2017 act or omission which caused *sham legal process to be*

*issued* and subsequently *used* on the Plaintiff -- **the defendant did cause, and did**

**conspire -- with employees of Hamilton County and the City of Cincinnati -- to**

**cause the Plaintiff to be subjected to the deprivation of his right to be free from**

**unreasonable seizures when, from July 8, 2019 through August 1, 2019, the Plaintiff**

**was falsely imprisoned in Hamilton County's Justice Center;** the Plaintiff was

confined against his will, without his consent, and without authority of law.

> **(a) As a proximate result directly caused by the defendant's June 29,**
>
> **2017 act or omission which caused *sham legal process to be issued* and**
>
> **subsequently *used* on the Plaintiff, and her willing participation in the**
>
> ***unlawfully held* ex-parte hearing on June 29, 2017, a warrant to arrest**
>
> **the Plaintiff was issued on July 8, 2019. The issuance of that illegal**
>
> **warrant was made possible by the *use of the sham legal process on the***
>
> ***Plaintiff* by employees of Hamilton County and the City of Cincinnati.**

9

(14)    Plaintiff's injuries to person, property and business were the natural and
proximate result of the defendant causing, and conspiring to cause the Plaintiff to be
subjected to the deprivation of his right to due process; his right to be free from
unreasonable seizures; his right to bear arms; and his right to a fair trial.

    (a) Plaintiff's injury to property includes loss of:

      (i)    a firearm[10]

          1)  The firearm was taken under the authority of Hamilton
             County by either the City of Cincinnati (by and through its
             Cincinnati Police Department) or by the Hamilton County
             Sheriff's Department.

      (ii)   a firearm cleaning kit

      (iii)  the 9mm ammunition to that firearm

          1)  The ammunition and firearm cleaning kit were definitely
             taken by the Handley under the authority of Hamilton
             County through their Probation Department.

      (iv)  The whereabouts of the Plaintiff lost property are unknown.

      (v)   Plaintiff purchased the firearm for approximately $300 in 2017.
          The make and model of the firearm is Ruger LC9. The cleaning kit
          was approximately $20; the single pack of 9mm ammunition was
          approximately $10. Receipts will be recovered prior to discovery.

---

[10]

(b) Plaintiff has also suffered injury to Plaintiff's independent contracting business[11] as a trainer where Plaintiff's minimum session rate is $30, and he has lost out on the wages earned from working anywhere from 3 to 10, thirty-minute to one-hour sessions per day during the 800+ days since the issuance of the *sham temporary order of protection* on June 29th, 2017.

(c) Plaintiff's damages include pain and suffering; and damage to reputation.

### Counts Eleven through Thirty - Abuse of Process

(15)    Paragraphs 6-14, and the allegations contained therein, are hereby repeated, realleged, and re-incorporated as if fully set forth herein.

(16)    The three elements of the tort of abuse of process are (1) that a legal proceeding has been set in motion in proper form and with probable cause, (2) that the proceeding has been perverted to attempt to accomplish an ulterior purpose for which it was not designed, and (3) that direct damage has resulted from the wrongful use of process. *Yaklevich v. Kemp, Schaeffer & Rowe Co.* (1994), 68 Ohio St.3d 294, paragraph one of the syllabus.

(17)    Abuse-of-process claims are claims that allege that a "legal procedure has been set in motion in proper form, with probable cause, and even with ultimate success, but nevertheless has been perverted to accomplish an ulterior purpose for which it was not designed." *Id.*at 297, quoting *Prosser & Keeton, The Law of Torts* (5th Ed.1984) 897, Section 121; *Grenga v. Bank One*, N.A., Mahoning App. No. 04 MA 94, 2005-Ohio-4474, ¶ 87.

---

[11] See Appendix C, *Independent Contracting Tax Return*

11

(a) Plaintiff does not believe *State of Ohio vs. Kanu, Hmltn. Cty. Ct. Cmn. Pls. Case No. B-18-225* is a legal proceeding that has been brought in proper form and with probable cause.

(b) Plaintiff seeks to recover for abuse of process by and through *Malof v. Kanu*, Hamilton County Ct. of Common Pleas Civil Case No. SK-17-816; the injuries suffered being <u>proximately caused by the defendant participating in the unlawfully held ex-parte hearing that produced *sham legal process* on June 29, 2017; the Plaintiff was unlawfully deprived of his right to due process.</u>

    (i)    The Plaintiff did not discover/realize the fact that the defendant caused *sham temporary order* to be *issued on June 29, 2017<u> until December 17, 2018</u>.* That is when the statute of limitations began to run[12].

    (ii)    Specifically, Plaintiff seeks to recover for the *issuance and/or use/abuse of (sham) legal process on these specific dates*:

        1)  June 29, 2017 - unlawful ex-parte hearing held; *sham legal process issued.*

        2)  June 30, 2017 - Plaintiff cited for violating *sham* legal process

        3)  July 7, 2017 - Plaintiff served *sham legal process by* Hamilton County's Sheriff's Department

---

[12]"Ordinarily, the limitations period starts to run 'when the plaintiff knows or has reason to know of the injury which is the basis of his action.'" *Kuhnle Brothers, Inc. v. County of Geauga*, 103 F.3d 516 (6th Cir. 1997) quoting *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984) at 273

4) July 14, 2017 - *Sham legal process used* to unlawfully detain Plaintiff

5) September 27, 2017 - Sham legal process delivered to Plaintiff by Garrison, *State of Ohio v. Kanu*, Hmltn. Cty. Ct. Muni. Ct. Case No. C-17-CRB-17911

6) October 11, 2017 - Continuance; *sham legal process delivered to Plaintiff*

7) January 10, 2018 - Continuance, Ploehs *uses sham legal process*

8) April 4, 2018 - Continuance; *sham legal process delivered to Plaintiff*

9) April 5, 2018 - Entry denying request to dissolve *sham legal process*

10) April 19, 2018 - Magistrates Findings of Fact & Conclusions of Law *using sham legal process*

11) July 10, 2018 - Continuance; *sham legal process delivered to Plaintiff*

12) September 27, 2018 - Sham legal process delivered to Plaintiff by Vick, *State of Ohio v. Kanu*, Hamilton County Ct. of Common Pleas, B-18-225

13) October 10, 2018 - Continuance; *sham legal process delivered to Plaintiff*

14) January 10, 2019 - Continuance; *sham legal process delivered to Plaintiff*

15) February 4, 2019 - Continuance; *sham legal process delivered to Plaintiff*

16) April 4, 2019 - Continuance; *sham legal process delivered to Plaintiff*

17) April 25, 2019 - Continuance; *sham legal process delivered to Plaintiff*

18) July 9, 2019 - Continuance; *sham legal process delivered to Plaintiff*

19) September 3, 2019 - Continuance; *sham legal process delivered to Plaintiff*

(18)     Based on the allegations contained throughout this complaint, Plaintiff intends to prove that the defendant had ulterior motives in filing a Petition for a civil stalking protection order: **to facilitate the deprivation of the Plaintiff's right to a fair trial in; to harass the Plaintiff; and to facilitate employees of the City of Cincinnati and Hamilton County carrying out their plan to deprive the Plaintiff of: his right to due process; his right to be free from unreasonable seizures; and his right to bear arms.** The Ohio General Assembly did not intend to allow a Petitioner to *use* an order of protection to: *facilitate theft in office offenses*; facilitate harassing the Respondent and subjecting him to competency to stand trial evaluations; or to facilitate government employees tampering with evidence. The Plaintiff intends to prove that the civil stalking

14

protection order has been used directly for those purposes. Plaintiff will provide evidence to show the civil stalking protection order being used to facilitate one or more of those illegal aims from the following specific dates:

    (a) December 18, 2017 - Motion for Plaintiff's evaluation of competency to stand trial filed as a proximate result of the abuse of legal process, and subsequent *use of sham legal process*.

    (b) March 23, 2018 - Plaintiff's right to bear arms was infringed as a result of a conspiracy[13] to *use sham legal process on the Plaintiff* and falsely imprison him from February 21, 2018 through March 26, 2018. Plaintiff's firearm was taken as a proximate result of the abuse of legal process, and subsequent *use of sham legal process*.

    (c) August 21, 2018 - False statement regarding probable cause to pursue a conviction for violating the *sham* temporary order of protection being made in an official proceeding by an employee of Hamilton County as a proximate result of the abuse of legal process, and subsequent *use of sham legal process*.

### *Counts Thirty-One through Thirty-Nine - Fraud[14]; Fraud Conspiracy*

---

[13] "*[Counsel for the Plaintiff]*: [I]n the Common Pleas court...Mr. Kanu had indicated...that he did have a CCW...[, and] the prosecutor asked that that weapon be surrendered. We had a police officer go to his mother's home last night to cause that to happen. *[The Court]*: And that did occur? *[Counsel for the Plaintiff]*: Yes, sir." *State of Ohio v. Kanu*, Hmltn. Cty. Ct. Muni. Ct. Case No. C-17-CRB-17911, *Transcript of Proceedings* (3-23-18) at pg. 6, lines 15-18; Id. lines 19-22; pg. 7, lines 1-5.

[14] "The elements of a common law action of fraud are stated in *Klott v. Associates Real Estate* (1974), 41 Ohio App.2d 118, 120-21, as follows: '* * * actual or implied representations or concealment of a matter of fact which relates to the present or past, and which is material to the transaction; made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred; with the intent of misleading another into relying upon it; and reliance upon it by the other person with a right to so rely; with resulting injury as the consequence of such reliance.'" *Friedland v. Lipman*, 68 Ohio App. 2d 255 (Ohio Ct. App. 1980)

(19)     Paragraphs 6-18, and the allegations contained therein, are hereby repeated, realleged, and re-incorporated as if fully set forth herein.

(20)     The defendant has been falsely representing (and/or omitting to reveal the material fact), and conspiring to falsely represent (and/or omit to reveal the material fact) since June 29, 2017 that the *sham temporary order of protection* was issued in accordance with R.C. 2903.214(D). This false representation and/or omission has induced the Plaintiff to: <u>delay contacting the FBI in connection with seeking the arrests of employees of Hamilton County and the City of Cincinnati for conspiring to engage in patterns of corrupt activity; believe that the *emergency protection order was issued in accordance with the applicable statutes pursuant to R.C. 2903.214(D)*;</u> retain lawyers; <u>keep silent at a bond hearing on January 11, 2018; delay bringing civil complaints for false arrest & false imprisonment;</u> show up to court numerous times in *State of Ohio v. Kanu*, Hmltn. Cty. Ct. Muni. Ct. Case No. C-17-CRB-17911; represent himself pro se and seek to clear his name in *State of Ohio v. Kanu*, Hmltn. Cty. Ct. Muni. Ct. Case No. C-17-CRB-17911; and plead not guilty in *State of Ohio vs. Kanu*, Hmltn. Cty. Ct. Cmn. Pls. Case No. B-18-225, and then subsequently file motions on his own behalf in order to try and establish that he did not violate <u>what he believed to be a lawfully issued, ex-parte emergency order of protection</u>. The defendant falsely represented (and/or omitted to reveal the material fact), and conspired to falsely represent (and/or omit to reveal the material fact) the authenticity of the *sham emergency order of protection to the Plaintiff*.

> (a) For example, the defendant permitted and facilitated the Plaintiff being charged with violating the *sham temporary order of protection* on June 30,

16

2017; and was present on July 14, 2017 when the Plaintiff was falsely

arrested and falsely imprisoned as a result of being charged with violating

the *sham temporary order of protection.*

(b) Another example is the defendant permitting and facilitating the Plaintiff

to be prosecuted from July 14, 2017 through September 20, 2018 for

allegedly violating the *sham* temporary order of protection on June 30,

2017. Allegations that were dismissed on September 20, 2018 for a "lack

of prosecution".

(21)     Plaintiff intends to show the falsity of the representation and/or omission by

directing the Court's attention to the *Petition* from June 29, 2017[15].

(22)     If the false representation and/or omission had not been perpetuated to the

Plaintiff, he would not have retained the services of a lawyer; he would not have kept

silent as a court-appointed lawyer requested a judge for electronic monitoring as a

condition of bail on January 11, 2018; he would not have waited to file a complaint for

false arrest and false imprisonment from the July 14, 2017 detainment from *State of Ohio

v. Kanu,* Hmltn. Cty. Ct. Muni. Ct. Case No. C-17-CRB-17911; he would not have

waited to file a complaint against employees of Hamilton County and the City of

Cincinnati for false arrest & false imprisonment related to the January 10, 2018

detainment; & would not have delayed contacting the FBI in order to seek a criminal

prosecution in relation to public officials and employees of Hamilton County and the City

of Cincinnati depriving, and conspiring to deprive -- under color of R.C. 2903.214(D)(1)

---

[15] See paragraph 2

-- the Plaintiff of his constitutional rights to: due process, a fair trial, be free from unreasonable seizures, and bear arms.

(23)     In order to prove that the defendant knew her representation (and/or omission to reveal the material fact) was false, Plaintiff will direct the jury to the Petition itself; and other court filings served on the defendant where the Plaintiff seeks to dissolve the temporary order of protection for being *sham legal process*.

> (a) Plaintiff will also use the *Magistrates Finding of Facts and Conclusions of Law*[16] from *Malof v. Kanu*, Hamilton County Ct. of Common Pleas Civil Case No. SK-17-816, and the *indictment* itself to prove that the defendant was knowingly and willingly participating in a conspiracy to commit fraud.

(24)     Plaintiff intends to look to the complaint and affidavit from *State of Ohio v. Kanu*, Hmltn. Cty. Ct. Muni. Ct. Case No. C-17-CRB-17911 in order to prove the defendant's intent[17] to induce the Plaintiff to act in accordance with the misrepresentation. Of course, the fact that *State of Ohio v. Kanu*, Hmltn. Cty. Ct. Muni. Ct. Case No. C-17-CRB-17911 was an open case from July 14, 2017 until September 20, 2018 -- directly resulting from the defendant's June 29, 2017 act or omission which caused *sham legal process to be issued* and subsequently *used* on the Plaintiff -- is evidence Plaintiff intends to use to

---

[16] "[A] definite statement of a material fact made by a party who does not know the statement to be true, and has no reasonable grounds for believing it to be true, will, if false, have the same legal effect as a statement of what the party positively knows to be untrue." *State ex. Rel. Redden v. Disc. Fabrics, Inc.*, 289 Or. 375, 385, 615 P.2d 1034, 1039 (1980) (quoting *Amort v. Tupper*, 204 Or. 279, 287, 282 P.2d 660, 663-64 (1955).

[17] "[T]he fundamental character of fraud is the communication of a misimpression to induce another to rely on it." *Estate of Schwarz v. Philip Morris, Inc.*, 206 Or. App. 20, 39, 135 P.3d 409, 422 (Or. Ct. App. 2006)

show his justifiable reliance[18] on the false representation. Further evidence will be provided by way of the defendant being named as a witness in *State of Ohio v. Kanu*, Hmltn. Cty. Ct. Muni. Ct. Case No. C-17-CRB-17911, which indirectly shows she intended for the Plaintiff to rely on the false representation. This indirect evidence will be used to show why the Plaintiff did not realize the fraud, and fraud conspiracy, until December 17, 2018.

    (a) Other evidence of the defendant's intent for the Plaintiff to act on the misrepresentation include, but are not limited to:

        (i) A June 30, 2017 voicemail left on the Plaintiff's cell phone by a City of CIncinnati Police Officer (in that voicemail, the caller utters that *sham legal process* for the first time); and <u>circumstantial evidence showing the defendant's cooperation with a plan</u> to tamper with evidence proving the Plaintiff had not been served the *sham temporary order of protection* on June 29, 2017, as was being alleged in *State of Ohio v. Kanu*, Hmltn. Cty. Ct. Muni. Ct. Case No. C-17-CRB-17911.

        (ii) An *Answer & Motion to Dismiss*[19] in response to a civil complaint the Plaintiff brought in Hamilton County's Municipal Court

---

[18] "A defendant who acts with knowledge that a result will follow is considered to intend the result." *Ernst & Young, L.L.P. v. Pac. Mut. Life Ins. Co.*, 51 S.W.3d 573, 578, 2001 Tex. LEXIS 61, at *16 (2001); Elizaga v. Kaiser Found. Hospitals, 259 Ore. 542, 548, 487 P.2d 870, 874 (1971).
[19] See Appendix C, *Answer & Motion to Dismiss*

seeking to recover under a theory of invasion of privacy/intrusion
into seclusion[20].

(25)    Evidence that the Plaintiff intends to produce during trial to show that he had no
knowledge of the falsity of the representation include, but are not limited to:

- (a) Plaintiff's *Motion to Dismiss* from *State of Ohio v. Kanu*, Hmltn. Cty. Ct.

    Muni. Ct. Case No. C-17-CRB-17911 (12-26-2017)[21].

    - (i)    Plaintiff's motion does not at any time mention the phrase *sham*
        *legal process*. It only focuses on the fact that the county defendants
        were withholding exculpatory evidence; direct evidence that the
        Plaintiff intends to use to show *justifiable reliance*.

    - (ii)    This filing will also be used to show *actual reliance*; as will the
        Plaintiff's *Motion for Reconsideration of Court's Decision to*
        *Deny...Pretrial Motion*[22] (8-23-18).

        - 1)    As Plaintiff did not discover the fraud until December 17,
            2018[23], the *Motion for Reconsideration of Court's Decision*
            *to Deny...Pretrial Motion* makes no mention of the phrase
            *sham legal process*. The Plaintiff was still *actually relying*
            on the false representation.

---

[20] No allegations brought in that complaint are being brought in this complaint. Plaintiff, for example, did
not allege fraud, or deprivation of rights under color of law in that civil complaint. See Appendix C, *Kanu*
*vs. Malof,* Hmltn. Cty. Ct. Muni. Ct. Case No. 19-CV-932
[21] See Appendix B, *Motion to Dismiss* (12-26-2017)
[22] See Appendix B, *Motion to Dismiss* (12-26-2017)
[23] See Appendix A, *Motion To Dismiss Ex Parte Order Under Fed. R. Civ. Pr. 12(b)(6) & Fed. R. Civ. Pr.*
*60(d)(3)*

a) Had the omitted information been disclosed, Plaintiff would have behaved differently by: <u>calling the FBI</u>; <u>bringing a civil action for false arrest & false imprisonment</u>; and using the phrase *"sham legal process"* in his *Motion for Reconsideration of Court's Decision to DenyCourt's Decision to Deny... Pretrial Motion* somewhere in his August 23, 2018 filing.

(26)　　In order to prove that *right to rely on the false representation*, the Plaintiff intends to rely on the complaint and affidavit from *State of Ohio v. Kanu*, Hmltn. Cty. Ct. Muni. Ct. Case No. C-17-CRB-17911.

(a) This can be used to prove the Plaintiff had a right to rely on the false representation because he was being prosecuted for having committed a crime; he therefore **had a right to believe that the complaint and affidavit, sworn or affirmed before a notary public or another person empowered to administer oaths, were true**, and that the temporary order of protection was issued in accordance with the applicable statutes.

(i) Plaintiff also had a right to rely on the truth of the false representation -- that the emergency protection order was issued in accordance with applicable statutes -- because he had no time to learn that the Petitioner did not request an emergency protection

21

order **before being charged with violating the terms of the emergency protection order.**

1) The emergency protection order was unlawfully issued June 29, 2017; the complaint and affidavit in *State of Ohio v. Kanu*, Hmltn. Cty. Ct. Muni. Ct. Case No. C-17-CRB-17911 state the emergency protection order was violated on "6/30/17".

    a) Plaintiff had not even been served the *sham temporary order of protection* on June 30, 2017; this did not occur until July 7, 2017.

(27)  The actual, consequent and proximate injuries -- proximately caused by the defendant's false representations -- include the Plaintiff's deprivation of his right to bear arms; bonds of $50,000, $20,000, & $10,000, and the 600+ days spent with these bonds hanging over the Plaintiff's head; pain and suffering during the 543 days spent under house arrest with an electronic monitoring device directly resulting from the use of sham legal process to; injury to Plaintiff's independent contracting business as a trainer where Plaintiff's minimum session rate is $30, and he has lost out on the wages earned from working anywhere from 3 to 10, thirty-minute to one-hour sessions per day during the 800+ days since the issuance of the sham temporary order of protection on June 29th, 2017; deprivation of the Plaintiff's right to be free from unreasonable seizures; deprivation of the Plaintiff's right to due process; and the economic and emotional

burden of the costs of the ongoing litigation in multiple cases; and reputational damages resulting from having a protection order against him.

### *Counts Forty through Forty-Five - Negligence*

(28)    Paragraphs 6-27, and the allegations contained therein, are hereby repeated, realleged, and re-incorporated as if fully set forth herein.

(29)    The defendant had a duty not to deprive, or conspire to deprive the Plaintiff (and people in the Plaintiff's position) of his constitutional rights, and a duty not to allow the *sham legal process* -- that she *caused, and conspired* with a City of Cincinnati employee *to cause to be issued* -- to be *used* on the Plaintiff. A reasonably prudent person filing a petition for a civil stalking protection order would exercise such reasonable care to make sure that they had asked for an ex-parte protection order before one was issued, and would immediately inform a court that she did not request an emergency protection order as soon as she realized the fact that one had been issued when she did not specifically request one, as required; such reasonable precautions would ensure the protection of the due process rights of the Respondent, and would prevent the exact situation that resulted from the defendants failure to exercise reasonable care: the subsequent use of *sham* legal process on the Plaintiff. A reasonably prudent person would also want to exercise that care to avoid abuse of legal process as a result of failing to exercise reasonable care, and would want to prevent the named Respondent in the protection order being subjected to the deprivation of his right to a fair trial. A defendant breaches [her] duty of care to a plaintiff when the defendant fails to exercise the degree of care that an ordinarily reasonable and prudent person would exercise under the same or similar circumstances.

23

*Mussivand v. David*, 45 Ohio St. 3d 314, 544 N.E.2d 265 (1989). A reasonable and prudent person takes care to ensure that *they are not facilitating the deprivation of another United States Citizens constitutional rights* under color of the legal process they cause to be *issued.*

> (a) The facts contained herein show the defendant has egregiously violated her duty to the Plaintiff.

(30) **The actual, consequent and proximate injuries** -- directly caused by the defendant's June 29, 2017 act or omission which caused *sham legal process to be issued* and subsequently *used* on the Plaintiff -- **include** the Plaintiff's deprivation of his right to bear arms; bonds of $50,000, $20,000, & $10,000, and the 600+ days spent with these bonds hanging over the Plaintiff's head; pain and suffering during the 543 days spent under house arrest with an electronic monitoring device directly resulting from the use of sham legal process to facilitate engaging in a pattern of corrupt activity in State of Ohio vs. Kanu, Hmltn. Cty. Ct. Cmn. Pls. Case No. B-18-225; injury to Plaintiff's independent contracting business as a trainer where Plaintiff's minimum session rate is $30, and he has lost out on the wages earned from working anywhere from 3 to 10, thirty-minute to one-hour sessions per day during the 800+ days since the issuance of the sham temporary order of protection on June 29th, 2017; deprivation of the Plaintiff's right to be free from unreasonable seizures; deprivation of the Plaintiff's right to due process; and the economic and emotional burden of the costs of the ongoing litigation in multiple cases.

### *Summary*

(31)    The Plaintiff suffered unlawful arrest, unlawful detainment, unlawful threat of

harm, economic loss, competitive injury, loss of reputation, emotional harm and mental

distress as the natural result of the defendant: depriving, and conspiring to deprive the

Plaintiff of his constitutional rights; using and conspiring to use sham legal process; and

fraudulently misrepresenting and/or omitting, and conspiring to fraudulently misrepresent

and/or omit material facts.

### E. Conclusion

(32)    **Plaintiff seeks relief from defendant in the following ways:** actual damages and

punitive damages in an amount to be determined at trial; a signed agreement with the

defendant to dissolve any order of protection (temporary or otherwise) so as to prevent

future harassment of the Plaintiff (especially as he tries to cause a criminal investigation

to be sought or instituted); and her full and complete cooperation with, and assistance to

the Plaintiff as he attempts to cause a criminal investigation to be instituted or sought by

the FBI & the Ohio Organized Crime Investigations Commission in connection with: (1)

employees of Hamilton County and the City of Cincinnati depriving, and conspiring to

deprive the Plaintiff -- under color of R.C. 2903.214(D)(1) -- of his constitutional rights;

& (2) employees of Hamilton County and the City of Cincinnati injuring and threatening

injury to the Plaintiff by engaging, and conspiring to engage in a pattern of corrupt

racketeering activities. Plaintiff also seeks to recover all costs associated with filing and

maintaining this legal action.

s/ Bryan Kanu
2663 Wendee Dr. Apt. 1919
Cincinnati, Ohio 45238
bryan.kanu18@gmail.com

25