# Appendix A

FORM 10.03-D: PETITION FOR CIVIL STALKING PROTECTION ORDER OR CIVIL SEXUALLY ORIENTED OFFENSE PROTECTION ORDER

**IN THE COURT OF COMMON PLEAS**
**HAMILTON COUNTY, OHIO**

X Stephanie Malof

Petitioner

Case No. _S K 1 7 0 0 8 1 6_

**You Must Appear Before**

Judge _Magistrate Michael L. Bachman in Room 585_

**PETITION FOR CIVIL STALKING PROTECTION ORDER OR CIVIL SEXUALLY ORIENTED OFFENSE PROTECTION ORDER (R.C. 2903.214)**

v.

Notice to Petitioner: Check every ☐ that applies.

y Bryan - Kanu

Respondent

**DO NOT WRITE YOUR ADDRESS ON THIS FORM IF YOU ARE REQUESTING CONFIDENTIALITY. PLEASE PROVIDE ANOTHER ADDRESS WHERE YOU CAN RECEIVE NOTICES FROM THE COURT.**

2663 wendee Dr #919

Address

Cincinnati, OH 45238

City, State, Zip Code

The Respondent does NOT have to be related to Petitioner in any way for Petitioner to be eligible for relief.

Date of Birth: 10/17/88

COPY FILED
CLERK OF COURTS
HAMILTON COUNTY

☐ 1. Petitioner seeks relief on Petitioner's own behalf.

JUN 29 2017

☐ 2. Petitioner seeks relief on behalf of the following family or household members.

AFTAB PUREVAL
COMMON PLEAS COURTS

| NAME | DATE OF BIRTH | HOW RELATED TO PETITIONER |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

Ohio law defines "Menacing by Stalking" as follows:
*"No person by engaging in a pattern of conduct shall knowingly cause another person to believe that the offender will cause physical harm to the other person or cause mental distress to the other person."* R.C. 2903.211(A)(1)

*"No person, through the use of any electronic method of remotely transferring information, including, but not limited to, any computer, computer network, computer program, or computer system, shall post a message with purpose to urge or incite another to commit a violation of division (A)(1) of this section (above)."* R.C. 2903.211-(A)(2).

Ohio law defines "Sexually Oriented Offenses" in R.C. 2950.01.

FORM 10.03-D: PETITION FOR CIVIL STALKING PROTECTION ORDER OR CIVIL SEXUALLY ORIENTED OFFENSE PROTECTION ORDER

Amended: March 1, 2014
Discard all previous versions of this form

[Page 2 of 4 Form 10.03-D]

S K 1 7 0 0 8 1 6
Case No.

3. Petitioner states that Respondent has engaged in the following act(s) which create an immediate and present danger. For (a), (b), or (c) below, attach additional pages if necessary.

☐ (a)  For a civil stalking protection order due to menacing by stalking, describe the nature and extent of the pattern of conduct that causes you to believe that Respondent will cause you physical harm or causes (or has caused) mental distress. Also describe any previous convictions of Respondent for the crime of Menacing by Stalking, if known.

☐ (b)  For a civil sexually oriented offense protection order due to a sexually oriented offense, describe the acts of Respondent as fully as possible. You do not need to include any pattern of conduct information for a protection order due to a sexually oriented offense.

☐ (c)  For electronic monitoring of the Respondent, describe the nature and extent of the Respondent's conduct before the filing of this Petition that puts you or your family or household members' health, welfare, or safety at risk. Also describe how the Respondent presents a continuing danger to you or your family or household members.

4. Petitioner requests the Court grant relief under R.C. 2903.214 for the Petitioner and the family or household members named in this Petition by granting a Civil Stalking Protection Order or Civil Sexually Oriented Offense Protection Order that:

FORM 10.03-D:  PETITION FOR CIVIL STALKING PROTECTION ORDER OR CIVIL SEXUALLY ORIENTED OFFENSE PROTECTION ORDER
Amended: March 1, 2014
Discard all previous versions of this form

SK 1700816

[Page 3 of 4 Form 10.03-D]

Case No._____

X ☑(a)  Requires Respondent to not abuse the Petitioner and the family or household members named in this Petition by harming, attempting to harm, threatening, following, stalking, harassing, contacting, forcing sexual relations upon them, or by committing sexually oriented offenses against them.

☑(b)  Requires Respondent to refrain from entering the residence, school, business, place of employment, child care providers, or day care centers of Petitioner and the family or household members named in this Petition, including the buildings, grounds, and parking lots at those locations.

☐(c)  Requires Respondent not to interfere with Petitioner's right to occupy the residence including, but not limited to canceling any utilities or insurance or interrupting phone service, mail delivery, or the delivery of any other documents or items.

☐(d)  Requires Respondent not to remove, damage, hide, or dispose of any property or pets owned or possessed by the Petitioner and Petitioner's family or household members named in this Petition.

☑(e)  Requires Respondent not to possess, use, carry, or obtain any deadly weapon.

☐(f)  Requires Respondent to be electronically monitored.

☐(g)  Includes the following additional provisions:

_____
_____
_____
_____
_____
_____
_____

☐ 5.  Petitioner further requests that the Court issue an *ex parte* (emergency) protection order under R.C. 2903.214(D) and this Petition.

☐ 6.  Petitioner further requests that the Court not issue any mutual protection orders or other orders against Petitioner unless all of the conditions of R.C. 2903.214(E)(3) are met

☐ 7.  Petitioner further requests that if Petitioner has a victim advocate, the Court permit the victim advocate to accompany Petitioner at all stages of these proceedings as required by R.C. 2903.214(L).

☐ 8.  Petitioner further requests that the Court grant such other relief as the Court considers equitable and fair

☐ 9.  The following is a list of all present and past court cases involving Respondent, that Petitioner knows of

| CASE NAME | CASE NUMBER | COURT/COUNTY | OUTCOME OF CASE |
|-----------|-------------|--------------|-----------------|
|           |             |              |                 |
|           |             |              |                 |

FORM 10.03-D: PETITION FOR CIVIL STALKING PROTECTION ORDER OR CIVIL SEXUALLY ORIENTED OFFENSE PROTECTION ORDER
Amended: March 1, 2014
Discard all previous versions of this form

[Page 4 of 4 Form 10.03-D]

Case No. S K 1 7 0 0 8 1 6

I hereby swear or affirm that the answers above are true, complete, and accurate to the best of my knowledge. I understand that falsifying this document may result in a contempt of court finding against me which could result in a jail sentence and fine, and that falsifying this document may also subject me to criminal penalties for perjury under R.C. 2921.11.

**DO NOT SIGN THIS FORM UNLESS YOU ARE IN FRONT OF THE PERSON WHO WILL NOTARIZE THE**

SIGNATURE OF PETITIONER

Sworn to and subscribed before me on this _29_ day of _June_ _2017_

NOTARY PUBLIC

---

IF YOU ARE REQUESTING YOUR ADDRESS REMAIN CONFIDENTIAL, DO NOT WRITE YOUR ADDRESS ON THIS FORM. PLEASE PROVIDE ANOTHER MAILING ADDRESS WHERE YOU CAN SAFELY RECEIVE NOTICES FROM THE COURT. THIS FORM IS A PUBLIC RECORD.

Signature of Attorney for Petitioner (if applicable)

Name of Attorney (if applicable)

Attorney's Address

City, State, Zip Code

Attorney's Registration Number

Attorney's Telephone

Attorney's Fax

Attorney's Email

FORM 10.03-D: PETITION FOR CIVIL STALKING PROTECTION ORDER OR CIVIL SEXUALLY ORIENTED OFFENSE PROTECTION ORDER
Amended: March 1, 2014
Discard all previous versions of this form

## FORM 10.03-H: WARNING CONCERNING THE ATTACHED PROTECTION ORDER

**_NOTE_**: *Rule 10.03 of the Rules of Superintendence for the Courts of Ohio requires this Warning to be attached to the FRONT of all protection orders issued pursuant to R.C. 2903.213 and 2903.214 by the courts of the State of Ohio. TO BE USED WITH FORMS 10.03-B, 10.03-E, and 10.03-F.*

### WARNING TO RESPONDENT/ DEFENDANT

Violating the attached Protection Order is a crime, punishable by imprisonment or fine or both, and may cause your bond to be revoked or result in a contempt of court citation against you.

This Protection Order is enforceable in all 50 states, the District of Columbia, tribal lands, and U.S. Territories pursuant to the Violence Against Women Act, 18 U.S.C. 2265. Violating this Protection Order may subject you to federal charges and punishment.

Only the Court may change this Order. The Petitioner/Alleged Victim cannot give you legal permission to violate this order. If you go near the Petitioner or other protected persons, even with their permission, you may be arrested. **You act at your own risk if you disregard this WARNING.**

### WARNING TO PETITIONER / ALLEGED VICTIM

You **cannot** change the terms of this Order by your words or actions. Only the Court may allow the Respondent/Defendant to contact you or return to your residence. This Order **cannot** be changed by either party without obtaining a written court order.

### NOTICE ABOUT FIREARMS AND DEADLY WEAPONS

As a result of this Order, it may be unlawful for you to possess or purchase a firearm, including a rifle, pistol, or revolver, or ammunition, pursuant to federal law, 18 U.S.C. 922(g)(8). If you have any questions whether these laws make it illegal for you to possess or purchase a firearm, you should consult a lawyer.

This Order may be subject to the exceptions pursuant to 18 U.S.C. 925(a)(1) with respect **only** to the official use of government-issued firearms or ammunition for the use of any department or agency of the United States, Ohio, or its political subdivision. This exception does not apply if the Defendant/Respondent has been convicted of an offense of violence, for example domestic violence, menacing by stalking, etc., against a family or household member.

### NOTICE TO ALL LAW ENFORCEMENT AGENCIES AND OFFICERS

The attached Protection Order is enforceable in all jurisdictions. Violating this Protection Order, whether it is a criminal or civil protection order, is a crime under R.C. 2919.27. Law enforcement officers with powers to arrest under R.C. 2935.03 for violations of the Ohio Revised Code must enforce the terms of this Protection Order as required by R.C. 2919.27, 2903.213, and 2903.214. If you have reasonable grounds to believe that Respondent/Defendant has violated this Protection Order, it is the preferred course of action in Ohio under R.C. 2935.03 to arrest and detain Respondent/ Defendant until a warrant may be obtained. Federal and state laws prohibit charging a fee for service of this order.

FORM 10.03-E: CIVIL STALKING PROTECTION ORDER OR CIVIL SEXUALLY ORIENTED OFFENSE PROTECTION ORDER *EX PARTE*

**ENTERED**
**JUN 29 2017**

IN THE COURT OF COMMON PLEAS
HAMILTON COUNTY, OHIO

## Order of Protection

Per R.C. 2903.214(F)(3), this Order is indexed at

**HAMILTON COUNTY SHERIFF'S OFFICE**
**CENTRAL WARRANT UNIT**

LAW ENFORCEMENT AGENCY WHERE INDEXED

**(513) 946 - 6200**

PHONE NUMBER

Case No.    **S K 1 7 0 0 8 1 6**

Judge    **YOU MUST APPEAR BEFORE**
**MAGISTRATE MICHAEL L. BACHMAN IN ROOM 585**

County    **HAMILTON**    State    **OHIO**

☒ CIVIL STALKING PROTECTION ORDER *EX PARTE*
(R.C. 2903.214)

☐ CIVIL SEXUALLY ORIENTED OFFENSE PROTECTION
ORDER *EX PARTE* (R.C. 2903.214)

| PETITIONER: | | | PERSON(S) PROTECTED BY THIS ORDER: |
|---|---|---|---|

Petitioner: S▬▬▬ M▬ DOB: ▬▬
Petitioner's Family or Household Member(s):

DOB: _____
DOB: _____
DOB: _____
DOB: _____

| First | Middle | Last |
|---|---|---|

v.

| RESPONDENT: | | | | RESPONDENT IDENTIFIERS | | | |
|---|---|---|---|---|---|---|---|
| Bryan | — | Kanu | | SEX | RACE | HT | WT |
| | | | | M | B | | |
| First | Middle | Last | | EYES | HAIR | DATE OF BIRTH | |
| | | | | Bro | Blk | | |
| Relationship to Petitioner: | | | | DRIVER'S LIC. NO. | EXP. DATE | STATE | |
| Address where Respondent can be found: | | | | Distinguishing Features: _____ | | | |

Cincinnati OH ▬▬

☒ **WARNING TO LAW ENFORCEMENT: RESPONDENT HAS FIREARMS ACCESS – PROCEED WITH CAUTION**

(Violence Against Women Act, 18 U.S.C. 2265, Federal Full Faith & Credit Declaration: Registration of this Order is not required for enforcement.)

**THE COURT HEREBY FINDS:**
That it has jurisdiction over the parties and subject matter, and the Respondent will be provided with reasonable notice and opportunity to be heard within the time required by Ohio law. **Additional findings of this Order are set forth below.**

**THE COURT HEREBY ORDERS:**
That the above named Respondent be restrained from committing acts of abuse or threats of abuse against the Petitioner and other protected persons named in this Order, as set forth below. Additional terms of this Order are set forth below.

The terms of this Order shall be effective until   **7** , **14** , **17**   (DATE CERTAIN). ▬▬▬▬

                                                                             Equity Judge

**WARNING TO RESPONDENT:** See the warning page attached to the front of this Order.

FORM

Amer.
Disca

D118677681

ORDER OR CIVIL SEXUALLY ORIENTED OFFENSE PROTECTION ORDER *EX PARTE*

**SK1700816**

[Page 2 of 4 Form 10.03-E]

Case No. _____

This proceeding came on for an *ex parte* hearing on _____ **6, 29, 17** _____ (Respondent not being present), upon the filing of a Petition by Petitioner for a civil stalking protection order or civil sexually oriented offense protection order against the Respondent, pursuant to R.C. 2903.214. In accordance with R.C. 2903.214(D)(1), the Court held an *ex parte* hearing not later than the next day that the Court was in session after the Petition was filed.

The Court finds that the protected persons herein are in immediate and present danger of domestic violence and for good cause shown, the following temporary orders are necessary to protect the persons named in this Order.

**RESPONDENT SHALL NOT ABUSE**, harm, attempt to harm, threaten, follow, stalk, harass, force sexual relations upon, or commit sexually oriented offenses against the protected persons named in this Order. [NCIC 01 and 02]

**ALL OF THE PROVISIONS CHECKED BELOW ALSO APPLY TO THE RESPONDENT**

☒ 1. **RESPONDENT SHALL NOT ENTER** or interfere with the residence, school, business, place of employment, day care centers, or child care providers of the protected persons named in this Order, including the buildings, grounds, and parking lots at those locations. Respondent may not violate this Order even with the permission of a protected person. [NCIC 04]

☒ 2. **RESPONDENT SHALL NOT INTERFERE** with protected persons' right to occupy the residence including, but not limited to canceling utilities or insurance or interrupting telephone service, mail delivery, or the delivery of any other documents or items.

☐ 3. **RESPONDENT SHALL SURRENDER** all keys and garage door openers to the following residence:

at the earliest possible opportunity after service of this Order to the law enforcement agency that serves Respondent with this Order or as follows:

_____

_____

☒ 4. **RESPONDENT SHALL STAY AWAY FROM PETITIONER** and all other protected persons named in this Order, and not be present within 500 feet or _____ (distance) of any protected persons wherever those protected persons may be found, or any place the Respondent knows or should know the protected persons are likely to be, **even with the protected persons' permission.** If Respondent accidentally comes in contact with protected persons in any public or private place, Respondent must depart *immediately*. This Order includes encounters on public and private roads, highways, and thoroughfares. [NCIC 04] ☐ **SEE BOX 9 BELOW.**

☒ 5. **RESPONDENT SHALL NOT REMOVE, DAMAGE, HIDE, OR DISPOSE OF ANY PROPERTY OR PETS** owned or possessed by the protected persons named in this Order.

☒ 6. **RESPONDENT SHALL NOT INITIATE OR HAVE ANY CONTACT** with the protected persons named in this Order or their residences, businesses, places of employment, schools, day care centers, or child care providers. Contact includes, but is not limited to, landline, cordless, cellular or digital telephone; text;

FORM 10.03-E: CIVIL STALKING PROTECTION ORDER OR CIVIL SEXUALLY ORIENTED OFFENCE PROTECTION ORDER EX PARTE
Amended: March 1, 2014
Discard all previous versions of this form

SK 1700816

[Page 3 of 4 Form 10.03-E]

Case No._____

instant messaging; fax; e-mail; voice mail; delivery service; social networking media; blogging; writings; electronic communications; or communications by any other means directly or through another person. Respondent may not violate this Order even with the permission of a protected person. [NCIC 05]

☒ 7. **RESPONDENT SHALL NOT CAUSE OR ENCOURAGE ANY PERSON** to do any act prohibited by this Order.

8. **RESPONDENT SHALL NOT POSSESS, USE, CARRY, OR OBTAIN ANY DEADLY WEAPON** at any time while the Order remains in effect unless Respondent is excepted for official use pursuant to 18 U.S.C. 925(a)(1). [NCIC 07]

☐ **RESPONDENT SHALL TURN OVER ALL DEADLY WEAPONS AND CONCEALED CARRY WEAPON LICENSE** in Respondent's possession to the law enforcement agency that serves Respondent with this Order or as follows:

_____

_____

Any law enforcement agency is authorized to take possession of deadly weapons pursuant to this paragraph and hold them in protective custody until further Court order. [NCIC 07]

☐ 9. **IT IS FURTHER ORDERED:** [NCIC 08]

_____

_____

_____

_____

10. **ALL DISCOVERY SHALL STRICTLY COMPLY** with Civ.R. 65.1(D).

11. **IT IS FURTHER ORDERED** that the Clerk of Court shall cause a copy of the Petition and this Order to be delivered to the Respondent as required by Civ.R. 65.1. The Clerk of Court shall also provide certified copies of the Petition and this Order to Petitioner upon request. This Order is granted without bond. No costs or fees shall be assessed against the Petitioner for filing, issuing, registering, modifying, enforcing, dismissing, withdrawing, or serving this protection order.

12. **ALL OF THE TERMS OF THIS ORDER SHALL REMAIN IN FULL FORCE AND EFFECT UNTIL**
____7___/___14___/___17_____.

IT IS SO ORDERED. _____

**JUDGE/MAGISTRATE**

FORM 10.03-E: CIVIL STALKING PROTECTION ORDER OR CIVIL SEXUALLY ORIENTED OFFENCE PROTECTION ORDER EX PARTE
Amended: March 1, 2014
Discard all previous versions of this form

[Page 4 of 4 Form 10.03-E]

SK1700816

Case # _____

**NOTICE TO RESPONDENT:** THE PERSONS PROTECTED BY THIS ORDER CANNOT GIVE YOU LEGAL PERMISSION TO CHANGE OR VIOLATE THIS ORDER. IF YOU VIOLATE ANY TERMS OF THIS ORDER, EVEN WITH THE PROTECTED PERSON'S PERMISSION, YOU MAY BE ARRESTED. ONLY THE COURT CAN CHANGE THIS ORDER. IF THERE IS ANY REASON WHY THIS ORDER SHOULD BE CHANGED, YOU MUST ASK THE COURT TO CHANGE IT. YOU ACT AT YOUR OWN RISK IF YOU DISREGARD THIS WARNING.

A FULL HEARING ON THIS ORDER SHALL BE HELD BEFORE JUDGE_____ OR MAGISTRATE MICHAEL L. BACHMAN ON **7·14·17**, AT **10.00** a.m./p.m. (WITHIN TEN COURT DAYS) AT THE FOLLOWING LOCATION: ROOM 585, HAMILTON COUNTY COURTHOUSE, 1000 MAIN ST., CINCINNATI, OHIO.

*BE ADVISED THAT YOU NEED TO ARRIVE AT THE COURTHOUSE AT LEAST 30 MINUTES BEFORE YOUR SCHEDULED HEARING TO ALLOW YOU TO GET THROUGH SECURITY AND BE IN COURT ON TIME.*

**TO THE CLERK: COPIES OF THIS ORDER SHALL BE DELIVERED TO:**

| | | | | |
|---|---|---|---|---|
| ☒ | Petitioner on | | by | 6/29 |
| | ☑ Personal | ☐ Certified Mail | ☐ Regular Mail | |
| ☐ | Attorney for Petitioner | | by | |
| | ☐ Personal | ☐ Certified Mail | ☐ Regular Mail | |
| ☒ | Respondent on | | by | |
| | ☑ Personal | ☐ Certified Mail | ☐ Regular Mail | |
| ☐ | Attorney for Respondent | | by | |
| | ☐ Personal | ☐ Certified Mail | ☐ Regular Mail | |
| ☒ | Central Warrants (The Protection Order Depository for All Local Law Enforcement Agencies.) | | | |
| ☒ | The Hamilton County Sheriff's Office | | | |
| ☒ | Police Dept. where Petitioner Resides: | | | |
| ☒ | Police Dept. where Petitioner Works: | | | |
| ☐ | Other | | | |
| ☐ | Other | | | |

FORM 10.03-E:  CIVIL STALKING PROTECTION ORDER OR CIVIL SEXUALLY ORIENTED OFFENSE PROTECTION ORDER EX PARTE

Amended: March 1, 2014
Discard all previous versions of this form



# COURT OF COMMON PLEAS
## HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| S███████ M████████ | : | Case No. ████████ |
| Petitioner, | | ████████ |
| v. | : | **MAGISTRATE'S DECISION** |
| BRYAN KANU, | : | |
| Respondent. | : | |

---

RENDERED THIS __4TH__ DAY OF APRIL, 2018.

This civil stalking protection case came before the Common Pleas Magistrate on April 4, 2018 for hearing. However, the hearing had to be continued because there are related criminal cases pending against Respondent. Respondent has filed numerous motions during the pendency of this case. The trial court previously denied Respondent's Motion to Set Aside and Motion to Suppress Evidence. Respondent has also filed a Motion to Dissolve Temporary Order of Protection and Motion for Dismissal for Failure to State a Claim. The court finds both motions are not well-taken. After the Petitioner presents her case-in-chief, the court will dismiss the case if her evidence does not meet the requirements of the statute. Respondent has filed a Motion to Disqualify the Magistrate. In accordance with Civ. R. 53(D)(6), "[t]he removal of a magistrate is within the discretion of the judge who referred the matter to the magistrate and should be brought by a motion filed with the trial court." *In re Disqualification of Wilson* (1996), 77 Ohio St. 3d 1250, 1251, 674 N.E.2d 260. Therefore, the Motion to Disqualify the Magistrate must be ruled upon by the trial court.



D121464901

## DECISION

Respondent's Motion to Dissolve Temporary Order of Protection and Motion for

Dismissal for Failure to State a Claim are DENIED. The Motion to Suppress Evidence

was previously denied by the trial court.

**MICHAEL L. BACHMAN**
**MAGISTRATE**
**COURT OF COMMON PLEAS**

## NOTICE

Objections to the Magistrate's Decision must be filed within fourteen days of the

filing date of the Magistrate's Decision. A party shall not assign as error on appeal the

court's adoption of any factual finding or legal conclusion, whether or not specifically

designated as a finding of fact or conclusion of law under Civ. R. 53(D)(3)(a)(ii), unless

the party timely and specifically objects to that factual finding or legal conclusion as

required by Civ. R. 53(D)(3)(b).

Copies sent by Clerk of Courts to:

Bryan Kanu, pro se
2663 Wendee Dr., Apt. 1919
Cincinnati, OH 45238

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT COPIES OF THE FOREGOING DECISION
HAVE BEEN SENT BY ORDINARY MAIL TO ALL PARTIES OR THEIR
ATTORNEYS AS PROVIDED ABOVE.

Date: 4/5/18 Deputy Clerk: _____

2



## COURT OF COMMON PLEAS
## HAMILTON COUNTY, OHIO

S█████ M███████                    :        Case No. SK1700816

    Petitioner,                  :        Judge███████

v.                                 :

BRYAN KANU,                        :        **FINDINGS OF FACT AND**
                                            **CONCLUSIONS OF LAW**

    Respondent.                 :

---

**RENDERED THIS** _19 01_ **DAY OF APRIL, 2018.**

    The court makes the following findings of fact and conclusions of law pursuant to

Civ.R 52 regarding the Magistrate's Decision filed on April 5, 2018:

**FINDINGS OF FACT:**

1. Petitioner S█████ M███ filed a petition for a civil stalking protection order

   against Respondent Bryan Kanu on June 29, 2017. The court held an ex-parte

   hearing on June 29, 2017 as required by R.C. 2903.213(C)(1).

2.



3. Petitioner's allegations satisfied the requirements of R.C. 2903.213(C)(1) and

   R.C. 2903.211(A)(1). Therefore, the court issued an ex-parte civil protection

   order and the order was served on the Respondent on June 29, 2017.

4.



**CONCLUSIONS OF LAW:**



For the reasons above, Respondent's Motion for Dismissal for failure to state a claim upon which relief may be granted filed January 2, 2018 is DENIED.

MICHAEL L. BACHMAN
MAGISTRATE
COURT OF COMMON PLEAS

## NOTICE

Objections to the Magistrate's Decision must be filed within fourteen days of the filing date of the Magistrate's Decision. A party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ. R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ. R. 53(D)(3)(b).

Copies sent by Clerk of Courts to:



## COMMON PLEAS COURT
## HAMILTON COUNTY, OHIO

S██████ M████████
**Petitioner**

Case No.    SK1700816

Judge    ██████████

**ENTERED**
**APR 0 4 2019**

vs

BRYAN KANU
**Respondent**

**Order Continuing Full Hearing
for Civil Protection Order**

The full hearing for a civil protection order scheduled for ___4.4.19___ is

hereby continued to ___4·25·19___ at ___8:30 a.m.___ in Room 585 of the Hamilton

County Courthouse.

This continuance is due to:

☐ The respondent has not been served with the ex parte petition and notice of the full
hearing; ☐ Petitioner needs to provide a better address.

☐ Motion for continuance filed by petitioner/respondent.

☐ Petitioner / respondent has requested a continuance to obtain counsel/witness

☒ Criminal matter is pending against ~~petitioner~~/respondent

☐ For good cause shown

The ex parte order, if issued, (attached herein) shall remain in effect and shall be served:

☒ Upon Central Warrants;

☐ Upon the petitioner by the Clerk, Regular Mail;

☐ Upon the respondent by the Sheriff;          ☐ Include Petition;

☐ Upon the respondent by the Clerk, Certified Mail;    ☐ Include Petition;

☐ Upon the respondent by the Clerk, Regular Mail;     ☐ Include Petition.

APPROVED and ADOPTED by:

_Anita Berding_
**MAGISTRATE**

_____
**JUDGE**

### RETURN OF SERVICE ON RESPONDENT

This Order was served upon _B Kano_ (respondent) this _4_ day of
_April_ by handing him/her a true copy.

By _____.

### RETURN OF SERVICE ON PETITIONER

This Order was served upon _S████████_ (petitioner) this _4_ day of
_April_ by handing him/her a true copy.

By _____.

**COMMON PLEAS COURT**
**HAMILTON COUNTY, OHIO**

```
┌─────────────────┐
│   ENTERED       │
│   APR 25 2019   │
└─────────────────┘
```

S███████ M█████████
**Petitioner**

Case No.  SK1700816

Judge ████████████

vs

**BRYAN KANU**
**Respondent**

**Order Continuing Full Hearing**
**for Civil Protection Order**

The full hearing for a civil protection order scheduled for  **4.25.19**  is

hereby continued to  **7.9.19**  at  **8:30 a.m.**  in Room 585 of the Hamilton

County Courthouse.

This continuance is due to:

☐ The respondent has not been served with the ex parte petition and notice of the full
    hearing; ☐ Petitioner needs to provide a better address.
☐ Motion for continuance filed by petitioner/respondent.
☐ Petitioner / respondent has requested a continuance to obtain counsel/witness
☐ Criminal matter is pending against petitioner/respondent
☒ For good cause shown  *fa Competency Report*
    *to be completed*

The ex parte order, if issued, (attached herein) shall remain in effect and shall be served:

☒ Upon Central Warrants;
☐ Upon the petitioner by the Clerk, Regular Mail;
☐ Upon the respondent by the Sheriff;            ☐ Include Petition;
☐ Upon the respondent by the Clerk, Certified Mail;  ☐ Include Petition;
☐ Upon the respondent by the Clerk, Regular Mail;   ☐ Include Petition.

**APPROVED and ADOPTED by:**

_Anita C Berry_
**MAGISTRATE**                               **JUDGE**

**RETURN OF SERVICE ON RESPONDENT**
This Order was served upon  *B Kanu*  (respondent) this 25 day of
*April*  by handing him/her a true copy.
By _____

**RETURN OF SERVICE ON PETITIONER**
This Order was served upon  *S. M█████*  (petitioner) this 25 day of
*April*  by handing him/her a true copy.
By _____

SK1700816 Motion to Dismiss

## HAMILTON COUNTY COURT OF COMMON PLEAS
## CIVIL DIVISION

| | |
|---|---|
| S████ M████ | ) CASE NO: SK1700816 |
| | ) |
| Petitioner | ) |
| | ) |
| -v- | ) HONORABLE JUDGE ████ |
| | ) |
| Bryan Kanu | ) |
| | ) **Respondent's Motion To Dismiss Ex** |
| Respondent | ) **Parte Order Under Fed. R. Civ. Pr.** |
| | ) **12(b)(6) & Fed. R. Civ. Pr. 60(d)(3)** |

### RELIEF SOUGHT

Pro Se Respondent, Bryan Kanu, hereby moves in this Court, pursuant to Fed. R. Civ. Pr. 12(b)(6) and Fed. R. Civ. Pr. 60(d)(3), for (1) dismissal of the petition for a Civil Stalking Protection Order; & (2) Dissolution of the Temporary Order of Protection issued on June 29, 2017.

As demonstrated by the accompanying memorandum, dismissal of the petition is proper because it fails to state a claim, and dissolution of the temporary order of protection is necessary because it is a result of a fraud upon the court leading to the enforcement of an order of the Court directly in violation of Mr. Kanu's Constitutionally protected Fourteenth Amendment (Section I.) rights to equal protection under the law and due process as a citizen of the State of Ohio; Mr. Kanu has the federally protected right to be free from two or more persons conspiring to oppress, intimidate, and/or injure Mr. Kanu's right to enjoy "any right or privilege secured to him by the Constitution or laws of the United States, or because of his having so exercised the same" see *18 U.S. Code § 241 - Conspiracy against rights*.

1

SK1700816 Motion to Dismiss

Accordingly, Mr. Kanu seeks an order dismissing the petition and dissolving the temporary order of protection on constitutional grounds, or, in the alternative, for failing to state an offense. Mr. Kanu requests this motion be decided **without** oral argument, and **hereby waives oral argument on the issue,** pursuant to Common Pleas Local Rule 14(B)(4), which provides that, "[i]f no request for oral argument is made...the motion shall be considered by the assigned judge for decision."

## MEMORANDUM

The petition requests relief under R.C. 2903.214. Specifically, Petitioner alleges that Mr. Kanu, "emailed [Petitioner] nonstop" and that he "showed up at [Petitioner's] moms house and [Petitioner's] apartment to talk".

As filed, the petition fails to state a claim, and enforcement of a temporary protection order issued because of it violates Mr. Kanu's constitutionally protected privileges under the United States Constitution, seeking to deny Mr. Kanu due process and equal protection under the law.

Furthermore, the temporary order order of protection is the result of a fraud upon the Court, allowing two or more persons conspiring to oppress, intimidate, and/or injure Mr. Kanu from enjoying the rights and privileges guaranteed to him under the United States Constitution under Section I of The Fourteenth Amendment -- guaranteeing him equal protection under the law as a citizen of the State of Ohio.

## I. *Factual Background*

### A. *Temporary Order of Protection*

2

SK1700816 Motion to Dismiss

The temporary order of protection was issued by (former) Magistrate Michael L. Bachman on June 29, 2017. From the (former) Magistrate's *Finding of Facts And Conclusions of Law*, rendered April 19, 2018, the Magistrate found that the "Petitioner's allegations satisfied the requirements of R.C. 2903.213(C)(1) and R.C. 2903.211(A)(1)." The (former) Magistrate went on to conclude that, "the allegations in the petition, if proven true, would satisfy the requirements of R.C. 2903.211 and give this court grounds to issue a civil protection order."

### a. The Petition for Civil Stalking Protection Order

In Section 3(a) of the petition for the Civil Stalking Protection Order -- form 10.03-D -- the Pro Se Petitioner wrote:

> Bryan and I have been friends for years. Over the last year & a half his behavior changed. He started texting me nonstop (I blocked him).
>
> He then emailed me nonstop. I told him to not contact me. He still emailed. I told the police, and they told him 2x to stop. I filed a telecom. harassment against him and on June 26 he showed up at my moms house & my apartment to talk.

### b. Order of Protection

After an ex-parte hearing, held the same day the petition was filed, (former) Magistrate Michael L. Bachman entered an Ex-Parte Order of Protection in favor of the Pro Se Petitioner on June 29, 2017 under R.C. 2903.214 (form 10.03-E). The court order reads:

> This proceeding came on for an ex parte hearing on 6/29/17 (Respondent not being present), upon the filing of a petition by petitioner...In accordance with R.C 2903.214(D)(1), the court held an ex parte hearing not later than the next day that the court was in session after the petition was filed.

The (former) Magistrate scheduled a pre-trial hearing for July 14, 2017.

3

SK1700816 Motion to Dismiss

    *c.  Petition for Protection Order in Menacing By Stalking cases*

  Ohio's Revised Code 2903.214 governs a request for relief from "Menacing by

Stalking". In part, it reads:

> (C) A person may seek relief under this section for the person, or any parent or adult household member may seek relief under this section on behalf of any other family or household member, by filing a petition with the court. The petition shall contain or state all of the following:
>
>> (1) An allegation that the respondent is eighteen years of age or older and engaged in a violation of section 2903.211 of the Revised Code against the person to be protected by the protection order or committed a sexually oriented offense against the person to be protected by the protection order, including a description of the nature and extent of the violation;
>
> (D)
>
>> (1) If a person who files a petition pursuant to this section requests an ex parte order, the court shall hold an ex parte hearing as soon as possible after the petition is filed, but not later than the next day that the court is in session after the petition is filed. The court, for good cause shown at the ex parte hearing, may enter any temporary orders, with or without bond, that the court finds necessary for the safety and protection of the person to be protected by the order. Immediate and present danger to the person to be protected by the protection order constitutes good cause for purposes of this section. Immediate and present danger includes, but is not limited to, situations in which the respondent has threatened the person to be protected by the protection order with bodily harm or in which the respondent previously has been convicted of or pleaded guilty to a violation of section 2903.211 of the Revised Code or a sexually oriented offense against the person to be protected by the protection order.
>
>> (3) If a person who files a petition pursuant to this section does not request an ex parte order, or if a person requests an ex parte order but the court does not issue an ex parte order after an ex parte hearing, the court shall proceed as in a normal civil action and grant a full hearing on the matter.

## II. *Argument*

4

SK1700816 Motion to Dismiss

As demonstrated below, (1) the allegations in the petition fail to state an offense; (2) the issuance of a temporary order of protection was the result of a fraud upon the Court; and (3) the (former) Magistrates erroneous abuse of discretion substantially affects the due process rights of Mr. Kanu.

### A. The Allegations in the Petition Fail to State an Offense.

Intentionally depriving a citizen of the United States of America of their liberty, in contravention of that person's constitutionally protected right to Due Process under the Fifth Amendment, has been found by the U.S. Supreme Court to be punishable under sections 18 U.S.C. §§ 241 & 242; "Moreover, prior court decisions have given fair warning that willful or intentional deprivation of a person's [liberty] without due process of law committed under color of law is punishable under 18 U.S.C. §§ 241 and 242." *United States v. Damon Causey, United States of America v. Paul Hardy, Also Known as P, Also Known as Cool and Len Davis*, 185 F.3d 407 (5th Cir. 1999).

Ex Parte hearings are inherently a violation of a person's Due Process rights, which is why a full hearing is supposed to be scheduled within ten (10) days in Ohio, so as to give the Respondent fair opportunity to be he heard. "[E]x parte proceedings [are] the disfavored exception." *United States v. Thompson*, 827 F.2d 1254, 1261 (9th Cir.1987). "[The Court] may not adopt procedures that impair a defendant's right to due process or his other rights guaranteed by the constitution. See, e.g., *Franks v. Delaware*, 438 U.S. 154, 171-72, 98 S.Ct. 2674, 2684-85, 57 L.Ed.2d 667 (1978) (evidentiary hearing required on motion to suppress if defendant's position sufficiently definite, detailed, and non-conjectural); *United States v. Licavoli*, 604 F.2d 613, 621 (9th

SK1700816 Motion to Dismiss

Cir.1979) (same), cert. denied, 446 U.S. 935, 100 S.Ct. 2151, 64 L.Ed.2d 787 (1980).
Even in civil cases, the...court may not adopt procedures that tend to significantly favor
one party over the other. See *Marshall v. Jerrico, Inc.*, 446 U.S. 238, 242-43, 100 S.Ct.
1610, 1613-14, 64 L.Ed.2d 182 (1980); *Thompson,* ¶16.

 Former Magistrate Michael Bachman issued the Temporary Order of Protection
on June 29, 2017, having no intention to hold the full hearing within the ten (10) days
required; "The Court: I'm going to give you an order for today. We have to set these
within ten business days. So here's what I need to do, I'm going to set this for a hearing
here on the 14th...When you come in here on that day, you'll be out of here pretty quick,
and we'll continue it out until [Case No. 17CRB16366] is over with, okay?...We'll
probably kick this out sometime way into the fall." *M▉ v. Kanu* , Hamilton County Ct.
of Common Pleas Civil Case No. SK1700816, *Ex Parte Hearing - Transcript of
Proceedings*, SK1700816 (June 29, 2017). "We find that the trial court's conclusion of
this matter thirteen months after it began, constituted an abuse of discretion." *Berry v.
Patrick*, Unpublished Decision (7-21-2005), 2005 Ohio 3708 (Ohio Ct. App. 2005);

 18 U.S. Code § 2265 (b)(2) states that full faith and credit is given to protection
orders when:

> Reasonable notice and opportunity to be heard is given to the person
> against whom the order is sought sufficient to protect that person's right
> to due process. In the case of ex parte orders, notice and opportunity to be
> heard must be provided within the time required by State, tribal, or
> territorial law, and in any event within a reasonable time after the order is
> issued, sufficient to protect the respondent's due process rights."

   1. Allegations in the Petition Fail to Allege a Violation of R.C.

    2903.211 as Required by 2903.214(C)(1).

6

SK1700816 Motion to Dismiss

Ohio's Revised Code, section 2903.214(C)(1) governs the filing of a petition

seeking relief from menacing by stalking, stating that "The petition shall contain or

state":

> An allegation that the respondent...engaged in a violation of section
> 2903.211 of the Revised Code against the person to be protected by the
> protection order...including a description of the nature and extent of the
> violation.

In order to satisfy section C(1) of R.C. 2903.214, it is therefore necessary for the

Petitioner to have alleged in the petition that the Respondent:

> ...knowingly cause[d] [Petitioner] to believe that the [Respondent] w[ould]
> cause physical harm to the [Petitioner] or a family or household member
> of the [Petitioner] or cause mental distress to the [Petitioner] or a family or
> household member of the [Petitioner].

Respondent, reviewing the allegations set forth in the petition in a light most favourable

to the Petitioner and with the statutory requirements in mind, argues that no rational trier

of fact could find the allegations to sufficiently state a claim alleging a violation of R.C.

2903.211. As such, former Magistrate Bachman's finding of fact that "Petitioner's

allegations satisfied the requirements of R.C. 2903.213(C)(1) and R.C. 2903.211(A)(1)"

must be found to be "unreasonable, arbitrary or unconscionable, rather than a mere error

in judgment." *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481,

482-483, 450 N.E.2d 1140, 1141-1142. Respondent asks that, after finding the former

Magistrates order to be (1) plain error of law; and (2) an abuse of discretion, this Court

agree that the proper course of action be dismissal of the petition/complaint because it

fails to state facts of a violation of R.C. 2903.211 as statutorily required by R.C.

2903.214(C)(1).

SK1700816 Motion to Dismiss

The U.S. Supreme Court, in *Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827,*

*104 L.Ed.2d 338 (1989)*, gave the following opinion regarding a complaint that fails to

state a claim:

> Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a
> dispositive issue of law. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104
> S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984); *Conley v. Gibson*, 355 U.S. 41,
> 45-46, 78 S.Ct. 99, 101-02, 2 L.Ed.2d 80 (1957). This procedure,
> operating on the assumption that the factual allegations in the complaint
> are true, streamlines litigation by dispensing with needless discovery and
> fact-finding. Nothing in Rule 12(b)(6) confines its sweep to claims of law
> which are obviously insupportable. On the contrary, if as a matter of law
> "it is clear that no relief could be granted under any set of facts that could
> be proved consistent with the allegations," *Hishon*, supra, 467 U.S., at 73,
> 104 S.Ct., at 2232, a claim must be dismissed, without regard to whether it
> is based on an outlandish legal theory or on a close but ultimately
> unavailing one.

This Court, with that Supreme Court precedent in mind, must agree that a

petition/complaint failing to state a set of facts that support the allegation that Mr. Kanu:

> ...knowingly cause[d] [Petitioner] to believe that the [Respondent] w[ould]
> cause physical harm to the [Petitioner] or a family or household member
> of the [Petitioner] or cause mental distress to the [Petitioner] or a family or
> household member of the [Petitioner]. R.C. 2903.211(A)(1)

must find that "no relief could be granted under any set of facts that could be proved

consistent with the allegations", and therefore agree with Respondent that "[the] claim

must be dismissed". *Id*.

Respondent finds the opinion given in *Holloway v. Parker*, 2013-Ohio-1940 to be

helpful in the immediate issue in this Court. Basing their finding of prejudicial error on

the standard held in *Caban v. Ransome*, 7th Dist. No. 08 MA 36, 2009-Ohio-1034, the

Appellate Court in *Holloway v. Parker* ruled that "'mere mental stress or annoyance' is

8

SK1700816 Motion to Dismiss

generally not sufficient to constitute mental distress for purposes of menacing by stalking. *Id.,* quoting *Caban* at ¶ 29".

A second opinion that this court may find useful comes from Ohio's 8th District Court of Appeals in *Rufener v. Hutson*, 2012-Ohio-5061, where, explaining their standard of review regarding R.C. 2903.211, the Court ruled that:

> ...in order to show that a defendant violated R.C. 2903.211 and is subject to a civil protection order under R.C. 2903.214, it must be shown that the respondent engaged in conduct that [he] knew would probably cause the [alleged victim] to believe that [he] would cause [alleged victim] physical harm or cause [alleged victim] to suffer mental distress. Jenkins; State v. Barnhardt, 9th Dist. No. 05CA-008706, 2006-Ohio-4531
> ***
> ...we conclude that there lacks competent, credible evidence that Hutson acted knowingly to cause Rufener to believe that she would cause him mental distress. As such, we find the judgment of the trial court to be against the manifest weight of the evidence...Hutson's first assignment of error is sustained.

## B. The Issuance of a Temporary Order of Protection was the Result of a Fraud Upon the Court

### 1. The Ex Parte Hearing

Even if this court declines to dismiss the petition/complaint under Fed. R. Civ. Pr. 12(b)(6), this Court must dissolve the Temporary Order of Protection because it is the result of a fraud upon the Court.

The Sixth Circuit has narrowly interpreted fraud on the court as contemplated by Rule 60(d)(3): "Fraud upon the court should...embrace only that species of fraud which does or attempts to, subvert the integrity of the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases that are presented for adjudication..." *Demjanjuk v.*

9

SK1700816 Motion to Dismiss

*Petrovsky*, 10 F.3d 338, 352 (6th Cir. 1993) (internal quotation omitted). Relief under

Rule 60(d)(3), therefore, is usually "reserved for circumstances in which, for example...a

bogus document is inserted in the record, or improper influence has been exerted upon

the court...so that the integrity of the court and its ability to function is directly

impinged." *Morawski v. United States Dep't of Agric.*, No. 09-14568, slip. op., 2010 WL

2663201, at *7 (E.D. Mich. July 2, 2002).

> As outlined in ¶ II, section A(1):

> The temporary order of protection was issued by (former) Magistrate
> Michael L. Bachman on June 29, 2017. From the (former) Magistrate's
> *Finding of Facts And Conclusions of Law*, rendered April 19, 2018, the
> Magistrate found that the "Petitioner's allegations satisfied the
> requirements of R.C. 2903.213(C)(1) and R.C. 2903.211(A)(1).

Respondent, having pointed to the direct actions taken by the former Magistrate, now

wants to raise three issues for review which directly contribute to what Respondent

believes is a fraud on the Court; **(1)** the Petitioner did not request an Ex Parte hearing; **(2)**

former Magistrate Bachman granted an order of protection that requested relief under

R.C. 2903.214 but cited R.C. 2903.213(C)(1) in his *Finding of Facts and Conclusions of*

*Law* filed April 19, 2018; & **(3)** former Magistrate Bachman alleged as late as April 19,

2018 that Respondent had been served the order of protection on June 29, 2017, despite

Respondent's assertion that he was served July 7, 2017, and despite the direct evidence

filed into this case by Hamilton County Sheriff's Deputy Hollingsworth showing and

supporting Respondent's assertion that Respondent had been served on July 7, 2017.

Respondent argues that because the 6th Circuit is of the opinion that "a bogus

document [being] inserted in the record, or improper influence...exerted upon the court"

10

SK1700816 Motion to Dismiss

is grounds for relief under Fed. R. 60(d)(3), then this Court must find that former

Magistrate's decision to hold an Ex Parte hearing on June 29, 2017 was made directly as

a result of (a) a bogus document [being] inserted in the record or (b) improper influence

exerted upon the court. Respondent points directly to the petition filed on June 29, 2017,

which shows that the Petitioner **did not** request an emergency ex parte emergency order.

Respondent, reminding the Court that the former Magistrate went on to say that

"Petitioner's allegations satisfied the requirements of R.C. 2903.213(C)(1)", See

SK1700816, *Finding of Facts and Conclusions of Law*, April 19, 2018, argues that not

only did the Magistrate improperly hold the ex parte hearing, but also that he attempted to

conceal the fraud by creating a document with the purpose to mislead this Court; the

former Magistrates intention in writing, "Petitioner's allegations satisfied the

requirements of R.C. 2903.213(C)(1)", was to mislead the Court into thinking that the

Petitioner had requested relief under R.C. 2903.213, **not** R.C. 2903.214. Respondent

argues that this material misrepresentation is material because the correct procedure for

R.C. 2903.214 is listed in section D of that revised code, which reads:

> (1) If a person who files a petition pursuant to this section
> requests an ex parte order, the court shall hold an ex parte hearing
> as soon as possible after the petition is filed, but not later than the
> next day that the court is in session after the petition is filed....
>
> (3) If a person who files a petition pursuant to this section does
> not request an ex parte order, or if a person requests an ex parte
> order but the court does not issue an ex parte order after an ex
> parte hearing, the court shall proceed as in a normal civil action
> and grant a full hearing on the matter.

The petition is evidence that the Petitioner did not request an ex parte order under any

Ohio Revised Code; Petitioner's request for relief was filed pursuant to 2903.214, which

11

means the statutory provisions for court procedure regarding the petition are outlined in Section D of 2903.214. If the Petitioner had requested an ex parte order, then the statutory code governing a petition requesting an ex parte order -- 2903.214(D)(1) -- would have been correct. As the Petitioner did not request an ex parte order, the Court should have "proceeded as in a normal civil action and grant a full hearing on the matter", following R.C. 2903.214(D)(3). Even if it can be argued that the former Magistrate simply made a mistake by applying the wrong court procedure regarding the petition on June 29, 2017, there is no reasonable justification for the former Magistrate to have written, on April 19, 2018, that, "Petitioner's allegations satisfied the requirements of R.C. **2903.213(C)(1)**". Further, there is no argument to be made that this error was harmless, even if it was an unintentional mistake. The result has been prejudicial to the Respondent, who has -- as a result of the plain error of law -- been deprived of his right to due process. Evidence of the prejudice suffered by Respondent comes in the form of a charge of 'Menacing by Stalking', which Respondent was charged with directly as a result of "being served with the order of protection" when Respondent was "doing what the law allows him to do" by filing: (1) *M█ v. Kanu* , Hamilton County Ct. of Common Pleas Civil Case No. SK1700816, *Motion to Dissolve the Temporary Order of Protection*; (2) *M█ v. Kanu* , Hamilton County Ct. of Common Pleas Civil Case No. SK1700816, *Motion to Suppress Evidence*; (3) *M█ v. Kanu* , Hamilton County Ct. of Common Pleas Civil Case No. SK1700816, *Motion to Dismiss for Failure to State a Claim*; (4) *M█ v. Kanu* , Hamilton County Ct. of Common Pleas Civil Case No. SK1700816, *Motion to*

12

SK1700816 Motion to Dismiss

*disqualify (former) Magistrate Bachman*; & (5) M███ *v. Kanu* , Oh. S. Ct. Case

No.17-AP-122, *Motion for Reconsideration.* Citing *United States v. Tallice Andrews and*

*Thurston Brooks, 633 F.2d 449 (6th Cir. 1980):*

> [T]he Court stated that "(t)o punish a person because he has done what
> the law plainly allows him to do is a due process violation of the most
> basic sort..." 434 U.S. at 363, 98 S.Ct. at 668.

It is not only plain error that the former Magistrate proceeded under the wrong

statute under 2903.214(D); it is also telecommunications fraud to knowingly create a

record with the intention to further the scheme to defraud the Respondent. Quoting Ohio

Revised Code 2913.05:

> (A) No person, having devised a scheme to defraud, shall knowingly
> disseminate, transmit, or cause to be disseminated or transmitted by means
> of a wire, radio, satellite, telecommunication, telecommunications device,
> or telecommunications service any writing, data, sign, signal, picture,
> sound, or image with purpose to execute or otherwise further the scheme
> to defraud.
>
> **(B) "Defraud" means to knowingly obtain, by deception, some benefit
> for oneself or another, or to knowingly cause, by deception, some
> detriment to another. See *R.C. 2913.01 (B).*

If this Court is unconvinced thus far that a "fraud" has been committed upon the Court,

then perhaps the following revised codes will strengthen the Respondent's argument:

> No public official or party official shall commit any theft offense, as
> defined in division (K) of section 2913.01 of the Revised Code, when
> either of the following applies:...(1) The offender uses the offender's office
> in aid of committing the offense or permits or assents to its use in aid of
> committing the offense. Citing *R.C. 2921.41 (A).*
>
> "Theft offense" means any of the following:...2913.05. Citing *R.C.
> 2913.01 (K)*

13

SK1700816 Motion to Dismiss

The former Magistrates misleading finding of facts, specifically as it relates to the statute

the court proceeded under regarding the petition for a CSPO were filed with the intention

of misleading the equity Judge of this Court, and therefore should be viewed as evidence

of the fraud upon the Court intended to deprive Respondent of his civil rights. As such,

this Court must dismiss this complaint and dissolve this improperly issued temporary

order of protection.

Respondent thinks elaborating on the prejudice suffered as a direct result of this

fraudulent scheme are necessary to preserve the issues for review upon appeal, should

this Court rule against Respondent. As such, Respondent will expand upon the fraud after

reciting relevant portions of Ohio's revised code governing Kidnapping -- R.C. 2905.01

-- which read as follows:

> (A) No person, by force, threat, or deception...by any means, shall remove
> another from the place where the other person is found or restrain the
> liberty of the other person, for any of the following purposes:...(5) To
> hinder, impede, or obstruct a function of government, or to force any
> action or concession on the part of governmental authority;

> (B) No person, by force, threat, or deception...shall knowingly do any of
> the following, under circumstances that create a substantial risk of serious
> physical harm to the victim...(1) Remove another from the place where the
> other person is found; (2) Restrain another of the other person's liberty.

Respondent brings this statute to the Court's attention because on January 10, 2018,

former Magistrate Michael L. Bachman did knowingly, by deception and under color of

law, cause the Respondent to be restrained after City of Cincinnati Police Officer Todd

Ploehs did knowingly cause to be disseminated a telecommunication with purpose to

further the scheme to defraud the Respondent. Given that the record for the immediate

case in this Court prove that the Respondent did in fact file the motions listed in the

14

SK1700816 Motion to Dismiss

previous paragraph on or around January 2, 2018, then the fact that the former Magistrate

allowed the Respondent to be taken into custody by the Hamilton County Sheriff's

Department -- when he knew, or should have known, that the alleged date on which the

Respondent was accused of having 'menaced, by stalking' coincided with the dates the

Respondent filed his pro se motions -- must weigh heavily against any argument that

there has been no fraud on the Court.

The 6th Circuit, in *McKenna v. Nestle Purina PetCare Co.*, No. 2:05-cv-0976,

2007 WL 433291 (S.D. Ohio Feb. 5, 2007), gave the following opinion regarding the

standard of review of a Court's decision regarding a motion alleging fraud on the court:

> Typically, motions to set aside judgments are subject to a one-year bar.
> Fed. R. Civ. P.60(b)(3). If, however, a plaintiff alleges that a fraud was
> committed against the court, there is no such bar. Fed.R. Civ. P. 60(c)(1).
> Fed. R. Civ. P. 60(d)(3) states: "This rule does not limit a court's power
> to...set aside a judgment for fraud on the court." Fed. R. Civ. P. 60(d)(3).
> Rule 60(d)(3) thus allows claimants to escape Rule 60(c)(1)'s one-year
> statute of limitations imposed on 60(b)(3) motions for fraud, and allege
> fraud on the court regardless of the passage of time. See *Parkhurst v.
> Pittsburgh Paints, Inc.*, No.10-8026, 2010 WL 4069430, at *1 (10th Cir.
> Oct.19, 2010). The Sixth Circuit has narrowly interpreted fraud on the
> court as contemplated by Rule 60(d)(3): "Fraud upon the court
> should...embrace only that species of fraud which does or attempts to,
> subvert the integrity of the court itself, or is a fraud perpetrated by officers
> of the court so that the judicial machinery cannot perform in the usual
> manner its impartial task of adjudging cases that are presented for
> adjudication, and relief should be denied in the absence of such conduct."
> *Demjanjuk v. Petrovsky*, 10 F.3d 338, 352 (6th Cir. 1993) (internal
> quotation omitted). Relief under Rule 60(d)(3), therefore, is usually
> "reserved for circumstances in which, for example...a bogus document is
> inserted in the record, or improper influence has been exerted upon the
> court...so that the integrity of the court and its ability to function is directly
> impinged." *Morawski v. United States Dep't of Agric.*, No. 09-14568, slip.
> op., 2010 WL 2663201, at *7 (E.D. Mich. July 2, 2002).

15

SK1700816 Motion to Dismiss

This Court must not overlook the allegations herein because"[o]ur system of the administration of justice suffers when any accused is treated unfairly". *Brady v. Maryland* (1963), 373 U.S. 83, 87,83 S. Ct., 1196-1197, 10 L. Ed. 2d 215, 218.

Another indisputable fact, that this Court must agree adds to the weight of evidence heavily in favor of dismissal of this case for a fraud upon the Court, is that former Magistrate Michael L. Bachman did "use [a] record...knowing it to be false and with purpose to mislead [the equity Judge]...[and] with purpose to corrupt the outcome of [this] proceeding". See *R.C. 2921.12*, which -- in part -- reads as follows:

2921.12 Tampering with evidence.

(A) No person, knowing that an official proceeding or investigation is in progress, or is about to be or likely to be instituted, shall do any of the following:

(1) Alter, destroy, conceal, or remove any record, document, or thing, with purpose to impair its value or availability as evidence in such proceeding or investigation;

(2) Make, present, or use any record, document, or thing, knowing it to be false and with purpose to mislead a public official who is or may be engaged in such proceeding or investigation, or with purpose to corrupt the outcome of any such proceeding or investigation.

If this Court was willing to consider it an "unintentional" mistake on the part of the former Magistrate to write in his first fact, "...as required by R.C. 2903.213(C)(1)", then the Court should reconsider this approach based on the former Magistrate writing, "...the requirements of R.C. 2903.213(C)(1)..the order was served on the Respondent on June 29, 2017" in his third finding of fact; part of the official court record. See *M███ v. Kanu* , Hamilton County Ct. of Common Pleas Civil Case No. SK1700816, *Magistrates*

16

SK1700816 Motion to Dismiss

*Findings of Fact And Conclusions of Law.* This must weigh heavily against any "harmless" error argument, and so must the number of errors that have been brought to the attention of the Court. To the Respondent, these errors have had a prejudicial effect on the Respondent's affairs, including -- but not limited to -- the filing of new criminal charges that directly mention the temporary order of protection from this case.

### C. *The (former) Magistrates erroneous abuse of discretion substantially affects the due process rights of Mr. Kanu*

The United States Supreme Court, in *United States v. Damon Causey, United States of America v. Paul Hardy, Also Known as P, Also Known as Cool and Len Davis*, 185 F.3d 407 (5th Cir. 1999), established precedent that the Respondent respectfully recites to the Court to add weight to the argument that this case must be dismissed for fraud:

> In *United States v. Price, 383 U.S. 787, 86 S.Ct. 1152, 16 L.Ed.2d 267 (1966)*, the Supreme Court declared that: (1) § 241 reaches conspiracies to injure any citizen in the free exercise or enjoyment of any right or privilege secured to him by the Constitution; (2) this language includes rights or privileges protected by the Fourteenth Amendment; and (3) this language extends to conspiracies otherwise within the scope of the section participated in by officials alone or in collaboration with private persons. Id. at 798, 86 S.Ct. 1152.

Ohio's General Assembly has statutorily prohibited the conduct described herein; Ohio's Revised Code, Section *2921.45 (A)* , outlaws *Interfering with Civil Rights*; it reads as follows:

> No public servant, under color of his office, employment, or authority, shall knowingly deprive, or conspire or attempt to deprive any person of a constitutional or statutory right.

17

SK1700816 Motion to Dismiss

It may be desirable for the Court to have the statutory definition of a "public servant" as defined by the General Assembly; citing the revised codes '*Offenses against justice and public administration general definitions' from section 2921.01*:

> As used in sections 2921.01 to 2921.45 of the Revised Code:...(A) "Public official" means any elected or appointed officer, or employee, or agent of the state or any political subdivision, whether in a temporary or permanent capacity, and includes, but is not limited to, legislators, judges, and law enforcement officers....(B) "Public servant" means any of the following:...(1) Any public official; (2) Any person performing ad hoc a governmental function, including, but not limited to, a juror, member of a temporary commission, master, arbitrator, advisor, or consultant.

As such, not only must this Court find that former Magistrate Michael L. Bachman -- at the time he issued the temporary order of protection -- was a public servant as statutorily defined, but it must also agree that City of Cincinnati Police Officer Todd Ploehs is also a public servant. Since these are indisputable facts, then this Court must assess whether or not these public servants have "knowingly deprive[d], or conspire[d] or attempt[ed] to deprive [the Respondent] of... constitutional or statutory right[(s)]." *See R.C. 2921.45 (A)*. Respondent argues that the following facts are grounds for relief from the conspiracy to defraud and deprive the Respondent of his civil rights: (1) Todd Ploehs was present at the ex parte hearing on June 29, 2017; & (2) former Magistrate Michael L. Bachman found that, "the order was served on the Respondent on June 29, 2017" citing *M███ v. Kanu* , Hamilton County Ct. of Common Pleas Civil Case No. SK1700816, *Magistrates Findings of Fact And Conclusions of Law (April 19, 2017).* Proof that Todd Ploehs was at the ex parte hearing is found in the transcript from the ex parte hearing, which the Respondent has obtained a copy of from the court reporter (███████Milholland) who was

18

SK1700816 Motion to Dismiss

present that day in Court, and transcribed the proceedings; relevant portions proving

Ploehs was in court on June 29, 2017 at the ex parte hearing read as follows:

> *The Court*: P-l-o-e-h-s, correct?
> \*\*\*
>
> *The Court*: ...we have to set these within ten business days. So here what's
> I need to do. I'm going to set this for a hearing here on the 14th. That's a
> Friday. That will be at 10 o'clock in the morning right back here. When
> you come in here on that day, you'll be out of here pretty quick, and we'll
> continue it out until this case is over with, okay?
> \*\*\*
>
> *The Detective*: ...Is there any way we can serve him today or not?
> *The Court*: We can try. We can let the sheriff's office know and as long as
> he shows up, we'll give it a shot.
> \*\*\*
>
> *The Detective*: I'll keep in contact with the sheriff's department today and
> see what they find.
> *The Court*: Thank you, sir...
>
> *M____ v. Kanu*, Hamilton County Ct. of Common Pleas Civil Case No.
> SK1700816, *Ex Parte Hearing - Transcript of Proceedings*, SK1700816 (June
> 29, 2017)

## CONCLUSION

For the reasons stated above, Mr. Kanu respectfully requests this Court to

dismiss the currently pending petition against him in this Court, and to dissolve the

temporary order of protection that was issued after plain error of law on the part of the

Court by and through former Magistrate Michael L. Bachman.

s/ *Bryan Kanu*
*2663 Wendee Dr.*
*Apt. 1919*
*Cincinnati, Ohio 45238*
*bryan.kanu18@gmail.com*
*Pro Se Defendant*

## CERTIFICATE OF SERVICE

A copy of this document was sent to the Petitioner via standard mail on December 17,
2018

**COURT OF COMMON PLEAS**
**HAMILTON COUNTY, OHIO**

S██████ M██████                    :      Case No: SK1700816
                                   :
    Plaintiff,                 :
                                   :      ████████████████
    v.                         :
                                   :
BRYAN KANU                         :      **ENTRY DENYING**
                                   :      **RESPONDENT'S MOTION TO**
    Defendant,                 :      **DISMISS EX PARTE ORDER**

ENTE...
APR 0 4 2019

       This matter came before the Court on Bryan Kanu's ("Respondent's") "Motion to Dismiss Ex Parte Order." The Court, after reviewing the parties' memoranda finds Respondent's Motion to be not well taken.

       Accordingly, IT IS THE ORDER OF THE COURT that Respondent's Motion is hereby DENIED.

Be it so Ordered.

DATE: 4-3-19                _____
                              JUDGE TOM HEEKIN

D125035300



**COURT OF COMMON PLEAS
HAMILTON COUNTY, OHIO**



S█████ M██████      :     Case No: SK1700816

     Plaintiff,           :

     v.              :

**BRYAN KANU**           : **ENTRY DENYING
MOTION TO DISQUALIFY THE
MAGISTRATES**

     **Defendant,**      :

ENTERED
APR 0 4 2019

      This matter came before the Court on Bryan Kanu's ("Respondent's") "Motion to Disqualify the Magistrates." The Court, after reviewing the parties' memoranda finds Respondent's Motion to be not well taken.

      Accordingly, **IT IS THE ORDER OF THE COURT** that Respondent's Motion is hereby **DENIED.**

Be it so Ordered.

DATE: 4-3-19                                
                                    JUDGE TOM HEEKIN

D125035221

ENTERED
APR 2 5 2019

**COURT OF COMMON PLEAS**
**HAMILTON COUNTY, OHIO**

S███████ M███████████          :      Case No: SK1700816
                                       :
    Plaintiff,                    :
                                       :      ████████████████████
    v.                            :
                                       :
**BRYAN KANU**                          :      **ENTRY DENYING MOTION**
                                       :      **TO SUPPLEMENT THE**
    Defendant,                   :      **MOTION TO DISQUALIFY**
                                       :      **THE MAGISTRATES**

       This matter came before the Court on Bryan Kanu's ("Respondent's") "Motion to Supplement the Motion to Disqualify the Magistrates." The Court, after reviewing the parties' memoranda finds Respondent's Motion to be not well taken.

       Accordingly, IT IS THE ORDER OF THE COURT that Respondent's Motion is hereby DENIED.

Be it so Ordered.

DATE: 4·23·19

_____
JUDGE TOM HEEKIN

DI25239757

# COMMON PLEAS COURT
# HAMILTON COUNTY, OHIO

S█████ M████████
Petitioner

Case No. ____SK1700816____

vs

**ENTERED**

**SEP 03 2019**

BRYAN KANU
Respondent

Order Continuing Full Hearing
for Civil Protection Order

The full hearing for a civil protection order scheduled for ____9.3.19____ is

hereby continued to ____10.22.19____ at ____8:30a.m.____ in Room 585 of the Hamilton

County Courthouse.

This continuance is due to:

☐ The respondent has not been served with the ex parte petition and notice of the full hearing; ☐ Petitioner needs to provide a better address.

☐ Motion for continuance filed by petitioner/respondent.

☒ ~~Petitioner~~ / respondent has requested a continuance to obtain ~~counsel/witness~~ discovery

☐ Criminal matter is pending against petitioner/respondent

☐ For good cause shown _____

_____

The ex parte order, if issued, (attached herein) shall remain in effect and shall be served:

☒ Upon Central Warrants;

☐ Upon the petitioner by the Clerk, Regular Mail;

☐ Upon the respondent by the Sheriff;        ☐ Include Petition;

☐ Upon the respondent by the Clerk, Certified Mail;        ☐ Include Petition;

☐ Upon the respondent by the Clerk, Regular Mail;        ☐ Include Petition.

APPROVED and ADOPTED by:

_Anitte lP_
MAGISTRATE

_____
JUDGE

**RETURN OF SERVICE ON RESPONDENT**

This Order was served upon __B Kanu__ (respondent) this __3__ day of

__Sep__ by handing him/her a true copy.

By _____

**RETURN OF SERVICE ON PETITIONER**

This Order was served upon __S Match__ (petitioner) this __3__ day of

__Sep__ by handing him/her a true copy.

By _____

**COURT OF COMMON PLEAS**
**HAMILTON COUNTY, OHIO**

```
ENTERED
SEP 0 3 2019
```

S███████ M███████          :          Case No. SK1700816

     Petitioner,          :          Judge █████████

v.          :

BRYAN KANU,          :          **MAGISTRATE'S ORDER**
                                          **GRANTING DISCOVERY**

     Respondent.          :

---

**RENDERED THIS _3_ DAY OF SEPTEMBER, 2019.**

     This civil stalking protection case came before the Common Pleas Magistrate on September 3, 2019 for hearing. Both parties appeared. Respondent seeks discovery. The court finds this motion well taken. Pursuant to Civ.R. 65.1(D), the Petitioner must email a witness list along with copies of any documents she plans to submit in support of her request for a full protection order to Respondent by October 1, 2019. Respondent is not to respond to Petitioner's email. This case is continued until October 22, 2019 at 8:30 am room 585 for a full hearing. The ex-parte protection order previously issued remains in effect.

IT IS SO ORDERED.

                                       *[signature]*

                                       ANITA P. BERDING
                                       MAGISTRATE,
                                       COURT OF COMMON PLEAS