IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| BRYAN KANU, | : | CASE NO. 1:19CV806 |
| Plaintiff, | : | Judge Barrett |
| vs. | : | Magistrate Judge Bowman |
| STEPHANIE MALOF, | : | **DEFENDANT STEPHANIE MALOF'S ANSWER TO PLAINTIFF'S COMPLAINT** |
| Defendant. | : | |
| | : | |

Defendant Stephanie Malof ("Ms. Malof") answers Plaintiff's Complaint as follows:

## SUBJECT MATTER JURISDICTION[1]

Plaintiff's unnumbered subject-matter jurisdiction allegations state legal conclusions to which no response is required. Ms. Malof denies the unnumbered subject-matter jurisdiction allegations. By way of further response, Ms. Malof states that Plaintiff fails to state any claims on which relief can be granted, that this court lacks subject-matter jurisdiction over Plaintiff's stated claims, and that Plaintiff's Complaint fails to meet the pleading standards of this Court. See, e.g., Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937 (2009).

---

[1] For ease of reference, this Answer follows the general organization of Plaintiff's Complaint, without accepting any of Plaintiff's characterizations or labels except as expressly admitted herein.

## **STATEMENTS OF CLAIM**

1. Ms. Malof denies the allegations in paragraph 1 of the Complaint. By way of further response, Ms. Malof states that she cannot be held "strictly liable" as alleged in the Complaint.

2. The allegations in paragraph 2 of the Complaint state legal conclusions to which no response is required. Ms. Malof states that she obtained a lawful protective order against Plaintiff in compliance with Ohio law and that such lawful protective order continues in effect to date. Otherwise, Plaintiff denies the allegations in paragraph 2 of the Complaint.

3. Ms. Malof denies the allegations in paragraph 3 of the Complaint.

4. Ms. Malof denies the allegations in paragraph 4 of the Complaint.

5. The allegations in paragraph 5 of the Complaint state legal conclusions to which no response is required. By way of further response, Ms. Malof states that R.C. 2921.52 is contained within the Ohio Revised Code and that the law speaks for itself. Ms. Malof denies that she has engaged in any actions prohibited by R.C. 2921.52. Otherwise, Ms. Malof denies the allegations in paragraph 5 of the Complaint.

## **COUNTS ONE THROUGH TEN**

6. Ms. Malof incorporates her responses to paragraphs 1–5 of the Complaint as if fully set forth here.

7. Ms. Malof denies the allegations in paragraph 7 of the Complaint.

   a. The allegations in paragraph 7(a) of the Complaint do not appear to reference Ms. Malof. Ms. Malof denies the allegations in paragraph 7(a) of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth of those allegations.

8. Ms. Malof denies the allegations in paragraph 8 of the Complaint.

   a. Ms. Malof denies the allegations in paragraph 8(a) and 8(a)(i) of the Complaint. Ms. Malof further states that the official transcript of any hearing speaks for itself.

9. Ms. Malof denies the allegations in paragraph 9 of the Complaint.

10. Ms. Malof denies the allegations in paragraph 10 of the Complaint.

    a. Ms. Malof denies the allegations in paragraph 10(a) of the Complaint. By way of further response, Ms. Malof states that she obtained a valid protective order against Plaintiff, which remains in effect today.

11. Ms. Malof denies the allegations in paragraph 11 of the Complaint.

12. Ms. Malof denies the allegations in paragraphs 12 and 12(a) of the Complaint. By way of further response, Ms. Malof states that any transcripts of any proceedings speak for themselves.

13. Ms. Malof denies the allegations in paragraph 13 of the Complaint.

    a. Ms. Malof denies the allegations in paragraph 13(a) of the Complaint.

14. Ms. Malof denies the allegations in paragraphs 14(a)–(c) of the Complaint, including any and all subparts.

**COUNTS ELEVEN THROUGH THIRTY – ABUSE OF PROCESS**

15. Ms. Malof incorporates her responses to paragraphs 1–14 of the Complaint as if fully set forth here.

16. Paragraph 16 of the Complaint states legal conclusions to which no response is required. Ms. Malof denies that Plaintiff has fully and accurately stated the relevant law. Ms. Malof further denies each and every allegation in paragraph 16 of the Complaint.

17. Paragraph 17 of the Complaint states legal conclusions to which no response is required. Ms. Malof denies that Plaintiff has articulated an abuse-of-process claim on which relief can be granted.

   a. Ms. Malof denies the allegations in paragraph 17(a) of the Complaint regarding Plaintiff's subjective belief for lack of knowledge or information sufficient to form a belief as to the truth of those allegations. Otherwise, Ms. Malof denies the allegations in paragraph 17(a) of the Complaint.

   b. Ms. Malof denies the allegations in paragraph 17(b), including all subparts, of the Complaint regarding Plaintiff's subjective belief for lack of knowledge or information sufficient to form a belief as to the truth of those allegations. Otherwise, Ms. Malof denies the allegations in paragraph 17(b) of the Complaint, including any and all subparts.

18. Ms. Malof denies the allegations in paragraph 18 of the Complaint regarding Plaintiff's subjective belief or intent for lack of knowledge or information sufficient to form a belief as to the truth of those allegations. Any official transcripts from any hearings speak for themselves. Otherwise, Ms. Malof denies the allegations in paragraph 18 of the Complaint.

   a. Ms. Malof denies the allegations in paragraph 18(a) of the Complaint.

4

    b.  Ms. Malof denies the allegations in paragraph 18(b) of the Complaint.

    c.  Ms. Malof is not an employee of Hamilton County, and therefore, the allegations in paragraph 18(c) do not appear to relate to Ms. Malof. Ms. Malof denies the allegations in paragraph 18(c) of the Complaint.

**COUNTS THIRTY-ONE THROUGH THIRTY-NINE – FRAUD; FRAUD CONSPIRACY**

  19. Ms. Malof incorporates her responses to paragraphs 1–18 of the Complaint as if fully set forth here.

  20. Ms. Malof denies the allegations in paragraph 20 of the Complaint.

    a.  Ms. Malof denies the allegations in paragraph 18(a) of the Complaint.

    b.  Ms. Malof denies the allegations in paragraph 18(b) of the Complaint.

  21. Ms. Malof denies any falsity, misrepresentation, and/or material omission relating to the lawfully obtained protective order against Plaintiff. Ms. Malof denies any allegations in paragraph 21 of the Complaint regarding Plaintiff's subjective intent for lack of knowledge or information sufficient to form a belief as to the truth of those allegations. Otherwise, Ms. Malof denies the allegations in the Complaint.

  22. Ms. Malof denies the allegations in paragraph 22 of the Complaint.

  23. Ms. Malof denies the allegations in paragraphs 23 and 23(a) of the Complaint.

  24. Ms. Malof denies any allegations in paragraph 24 of the Complaint regarding Plaintiff's subjective intent for lack of knowledge or information sufficient to form a

5

belief as to the truth of those allegations. Otherwise, Ms. Malof denies the allegations in paragraph 24 of the Complaint, including all subparts.

25. Ms. Malof denies any allegations in paragraph 25 of the Complaint regarding Plaintiff's subjective intent for lack of knowledge or information sufficient to form a belief as to the truth of those allegations. Otherwise, Ms. Malof denies the allegations in paragraph 25 of the Complaint, including all subparts.

26. Ms. Malof denies any allegations in paragraph 26 of the Complaint regarding Plaintiff's subjective intent for lack of knowledge or information sufficient to form a belief as to the truth of those allegations. Otherwise, Ms. Malof denies the allegations in paragraph 26 of the Complaint, including all subparts.

27. Ms. Malof denies the allegations in paragraph 27 of the Complaint.

### **COUNTS FORTY THROUGH FORTY-FIVE – NEGLIGENCE**

28. Ms. Malof incorporates the allegations in paragraphs 1–28 as if fully set forth here.

29. The allegations in paragraph 29 of the Complaint assert legal conclusions to which no response is required. Ms. Malof denies the allegations in paragraph 29 of the Complaint.

    a. Ms. Malof denies the allegations in paragraph 30(a) of the Complaint.

30. Ms. Malof denies the allegations in paragraph 30 of the Complaint.

### **SUMMARY**

31. Ms. Malof denies the allegations in paragraph 31 of the Complaint.

32. Ms. Malof denies the allegations in paragraph 32 of the Complaint.

## ADDITIONAL DEFENSES

Without admitting any of the allegations of the Complaint and without admitting or acknowledging that Ms. Malof bears any burden of proof as to any of them, Ms. Malof asserts the following additional defenses. Ms. Malof intends to rely upon any additional defenses that become available or apparent during pretrial proceedings and discovery in this action and hereby reserves the right to amend this Answer in order to assert all such further defenses.

### FIRST ADDITIONAL DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### SECOND ADDITIONAL DEFENSE

Some or all of Plaintiff's claims are barred by the applicable statute of limitations.

### THIRD ADDITIONAL DEFENSE

Plaintiff has not suffered any injury or damage by reason of any conduct of Ms. Malof.

### FOURTH ADDITIONAL DEFENSE

The injuries and damages alleged in the Complaint, if any, were the direct and proximate result of acts and omissions of Plaintiff.

### FIFTH ADDITIONAL DEFENSE

Plaintiff's claims fail to the extent that Plaintiff has not mitigated damages, if any, in the manner and to the extent required by law.

### SIXTH ADDITIONAL DEFENSE

Plaintiff's Complaint fails to allege facts sufficient to merit a recovery of actual damages, punitive damages, statutory damages, interest, attorney's fees, costs, or any other relief.

### SEVENTH ADDITIONAL DEFENSE

Plaintiff cannot obtain the requested relief from this Court, including but not limited to the dissolution of the protective order, the institution of criminal proceedings, and other non-monetary relief requested.

### EIGHTH ADDITIONAL DEFENSE

Plaintiff's claims are barred by the doctrines of release, waiver, estoppel, laches, and unclean hands.

### NINTH ADDITIONAL DEFENSE

Ms. Malof is not a state actor, does not perform a public function, has not acted under state compulsion, has not engaged in joint action sufficiently to transform her into a state actor, and otherwise cannot be liable to Plaintiff under 42 U.S.C. § 1983.

### TENTH ADDITIONAL DEFENSE

Ms. Malof has not engaged in any force, intimidation, or threat to deprive Plaintiff of civil rights; Ms. Malof has not conspired or gone in disguise on the highway or on the premises of another to deprive Plaintiff of equal protection of the laws or of equal privileges and immunities under the laws.

### ELEVENTH ADDITIONAL DEFENSE

Ms. Malof did not violate 42 U.S.C. § 1985 and she did not have knowledge of any violation of or intent to violate same by another.

## TWELFTH ADDITIONAL DEFENSE

Plaintiff has failed to make sufficient service of process on Ms. Malof.

## THIRTEENTH

Ms. Malof's actions in filing for, obtaining, and maintaining a civil protective order against Plaintiff are privileged and immune from civil liability under the Noerr-Pennington Doctrine.  Eastern Railroad Presidents Conference v. Noerr Motor Freight, Inc., 365 U.S. 127 (1961); United Mine Workers v. Pennington, 381 U.S. 657 (1965).  See also, Prof. Real Estate Investors, Inc. v. Columbia Pictures Industries, Inc., 508 U.S. 49 (1993).

Respectfully submitted,

/s/ Jason W. Palmer
Jason W. Palmer (0088336)
Trial Attorney
FARUKI PLL
Suite 1420
201 East Fifth Street
Cincinnati, Ohio 45202
Telephone:  (937) 227-3700
Telecopier:  (937) 227-3717
Email: jpalmer@ficlaw.com

9

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing Answer to Plaintiff's Complaint has been served via regular U.S. mail upon the following parties, this 14th day of November, 2019:

Bryan Kanu
2663 Wendee Dr.
Apt. 1919
Cincinnati, Ohio 45238

/s/ Jason W. Palmer
Jason W. Palmer

1381834.1