IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (CINCINNATI)

| | | |
|---|---|---|
| BRYAN KANU, | : | CASE NO. 1:19CV806 |
| Plaintiff, | : | Judge Cole |
| v. | : | Magistrate Judge Bowman |
| STEPHANIE RHOADS f/k/a STEPHANIE MALOF, | : | **DEFENDANT'S MOTION FOR** |
| | : | **JUDGMENT ON THE PLEADINGS** |
| Defendant. | : | |
| | : | |

_____

Pursuant to Fed. R. Civ. P. 12(c), Defendant Stephanie Rhoads f/k/a Stephanie Malof ("Ms. Rhoads") is entitled to judgment on the pleadings.  Plaintiff's claims all rest on a false premise: The allegation that Ms. Rhoads has obtained a "sham protective order."  But the protective order is not a sham.  It was issued by an Ohio court, and it has been converted into a permanent protective order.  Moreover, Plaintiff's Complaint fails to state a claim on which relief can be granted for a number of other reasons.

Therefore, Ms. Rhoads is entitled to judgment on the pleadings.[1]

---

[1] A proposed order granting this motion is attached as Exhibit 1.

Respectfully submitted,


/s/ Jason W. Palmer
Jason W. Palmer (0088336)
Trial Attorney
FARUKI PLL
Suite 1420
201 East Fifth Street
Cincinnati, Ohio 45202
Telephone:  (937) 227-3700
Telecopier:  (937) 227-3717
Email: jpalmer@ficlaw.com

Counsel for Defendant

**MEMORANDUM IN SUPPORT OF
<u>DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS</u>**

I.      <u>INTRODUCTION AND SUMMARY</u>

By filing this case, Plaintiff Bryan Kanu[2] ("Plaintiff") has involved this Court in

his ongoing three-year campaign of stalking and harassment toward Defendant Stephanie

Rhoads, f/k/a Stephanie Malof ("Ms. Rhoads").  In early 2017, Plaintiff inundated Ms. Rhoads

with harassing emails, despite her repeated requests to be left alone.  Ms. Rhoads obtained a

temporary civil protective order shortly thereafter, in Case No. SK1700816, and that order was

recently made permanent.  A redacted copy of the temporary civil protective order is attached to

the Complaint.  Complaint, Appendix A, Doc. No. 1-1, PageID 32-35.  The permanent civil

protective order is attached as Exhibit 3 to this Motion.

But the matter is not limited to the protective order.  Mr. Kanu was convicted of

telecommunications harassment, which conviction was recently upheld by the Ohio First District

Court of Appeals. <u>State v. Kanu</u>, Hamilton Cty. No. C-180585, 2019 Ohio App. LEXIS 4256

(Oct. 9, 2019).  In addition, he filed a municipal court action against Ms. Rhoads for invasion of

privacy, based on the protective order, which was dismissed.  Case No. 19-CV-00932 (public

docket attached as Exhibit 4).  Unfortunately, not content to move on with his life, Plaintiff has

decided to make this Court part of the story.

In his sprawling Complaint, Plaintiff appears to bring four claims: (1)

"Deprivation of rights; Deprivation of Rights Conspiracy"; (2) abuse of process; (3) "Fraud;

Fraud Conspiracy"; and (4) negligence.  All of these claims rest on the allegation that Ms.

---

[2] Plaintiff is currently serving in the Hamilton County Justice Center, with an expected release date of June 17, 2020, for his harassment of Ms. Rhoads, in Case No. 017/CRB/16366.  The docket in that case is attached as Exhibit 2.

Rhoads has obtained a "sham protective order."  E.g., Complaint, Doc. No. 1, PageID 3.

However, Ms. Rhoads's protective order was issued by a court of competent jurisdiction, and it

was recently made permanent.  Plaintiff cannot now turn to this Court to invalidate lawfully

issued, permanent protective orders issued by the state of Ohio.  Further, the allegations in

Plaintiffs' Complaint are not sufficient to establish liability on any of his claims, include any

claims that could plausibly be read from his Complaint.  Therefore, Ms. Rhoads is entitled to

judgment on the pleadings.

II.     FOLLOWING HARASSMENT FROM PLAINTIFF, MS. RHOADS OBTAINED A
        CIVIL PROTECTIVE ORDER; PLAINTIFF'S HARASSMENT DID NOT STOP

        A.      Ms. Rhoads Obtains a Temporary Protective Order

                On June 29, 2017, Ms. Malof filed the Petition for Civil Stalking Protection Order

(the "Petition").  Complaint, Appendix A, Doc. No. 1-1, PageID 27.[3]  The Petition was granted

on June 29, 2017, and Ms. Rhoads received an ex parte Civil Stalking Protection Order

("Temporary Protective Order").  Complaint, Appendix A, Doc. No. 1-1, PageID 32-35.

Plaintiff alleges that he received a copy of the Temporary Protective Order on July 7, 2017.

Complaint, p. 12, PageID 12.

                The hearing on the Temporary Protective Order was postponed numerous times,

due to ongoing criminal proceedings against Plaintiff.  Complaint, Doc. No. 1, PageID 13–14,

Appendix A, Doc. No. 1-1, PageID 36-37 and PageID 41-42.  The various cases against Plaintiff

included the reckless violation of a protective order.  Complaint, Appendix B, Doc. No. 1-2,

---

[3] Plaintiff has attached a number of documents to his Complaint.  In a motion for judgment on the pleadings, it is appropriate for a court to consider documents referenced in a complaint even when those documents were not themselves attached to the complaint, as well as public dockets and public records.  Lynch v. Leis, 382 F.3d 642, 647 n. 5 (6th Cir. 2004) ("As noted above, these court records are available online to members of the public; as they are court records, this court may take judicial notice of them.").

PageID 72.  Ultimately, Ms. Rhoads obtained a permanent protective order against Plaintiff on

November 14, 2019.  Permanent Civil Protective Order, Ex. 3.

      **B.**      **Plaintiff Files a Complaint in State Court Against Ms. Rhoads for Invasion of Privacy; That Case Is Dismissed**

On January 10, 2019, Plaintiff filed a complaint against Ms. Rhoads in Hamilton

County Municipal Court for "Invasion of Privacy."  Complaint, Appendix C, Doc. No. 1-3,

PageID  95.  In that complaint, Plaintiff alleged that Ms. Rhoads violated his privacy by sharing

private information – certain "emails" that Plaintiff alleged were "trial preparation records" –

with law enforcement authorities.  Id., PageID 96.  In his request for relief, Plaintiff demanded

that Ms. Rhoads "abandon any and all plans she has or may have had in regard to seeking a civil

stalking protection order against [Plaintiff]," that Ms. Rhoads seek to dissolve the Temporary

Protective Order, and that she not take any action to make any temporary protective orders

permanent.  He also demanded all correspondence between Ms. Rhoads and law enforcement.

Id., PageID 97.  Finally, he demanded an agreement that Ms. Rhoads pay him nearly $2,000 for

each supposed "individual violation" after signing a non-disclosure agreement.  Id.  Ms. Rhoads

filed a motion to dismiss, primarily on the grounds that the court could not grant the requested

relief. Id., PageID 98.  The motion to dismiss was granted.  Decision and Entry Granting

Defendant's Motion to Dismiss, Hamilton Cnty. Mun. Case No. 19 CV 00932 (attached as

Exhibit 5).

      **C.**      **Plaintiff Is Convicted of Telecommunications Harassment; That Conviction Is Affirmed and He Is Sentenced**

On June 15, 2017, a criminal complaint for telecommunications harassment was

filed against Plaintiff.  Complaint in Hamilton Cnty. Mun. Case No. 17-CRB-16366, attached as

Exhibit 6.  That complaint alleged that, months after Ms. Rhoads and Officer Ploehs told

3

Plaintiff to cease all contact with Ms. Rhoads, Plaintiff began emailing her every day starting on May 23, 2017. Id. The First District Court of Appeals, in affirming Plaintiff's conviction on that charge, reflected Ms. Rhoads's pleas for Plaintiff to leave her alone. Ms. Rhoads wrote: "This is the last time I'm going to say this. You need to leave me alone. For the hundredth time I'm serious with someone. Leave me alone." Ohio v. Kanu, Hamilton Cty. No. C-180585, 2019 Ohio App. LEXIS 4256, at *7 (Oct. 9, 2019). Even so, Plaintiff continued to contact her. Id.

       D.      Plaintiff Files This Litigation, Continuing His Harassment of Ms. Rhoads

      Plaintiff filed the Complaint in this action on September 20, 2019. Complaint, Doc. No. 1, PageID 1. Throughout the Complaint, Plaintiff accuses Ms. Rhoads of using "sham legal process" or obtaining a "sham temporary order of protection." E.g., Id. at PageID 7. Aside from these spurious allegations, Plaintiff does not provide a basis for his theory that any of the protective orders obtained by Ms. Rhoads are "shams."

### III.    MS. RHOADS IS ENTITLED TO JUDGMENT ON THE PLEADINGS ON ALL OF PLAINTIFF'S CLAIMS

      In his Complaint, Plaintiff asserts claims for: (1) "Deprivation of rights; Deprivation of Rights Conspiracy"; (2) abuse of process; (3) "Fraud; Fraud Conspiracy"; and (4) negligence. Each of these claims fails. All of Plaintiff's claims rest on the allegation that Ms. Rhoads has obtained a "sham protective order." But the Order is lawful and enforceable, and it has been made permanent by Ohio courts. Therefore, the Order is not a "sham." In addition, Plaintiff's claims fail for other reasons. Specifically, Plaintiff fails to allege facts sufficient to bring a claim against Ms. Rhoads, even if his factual allegations were true. Moreover, some of Plaintiff's claims have been raised outside of the applicable statute of limitations.

A motion for judgment on the pleadings is governed by the same standard as a motion for failure to state a claim on which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). Grindstaff v. Green, 133 F.3d 416, 421 (6th Cir. 1998); Morgan v. Church's Fried Chicken, 829 F.2d 10, 11 (6th Cir. 1987). To survive a motion to dismiss, a plaintiff must demonstrate "a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A plaintiff's allegations must be sufficient to raise his or her claims above a speculative level. Id. at 555. Neither "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" nor "the mere possibility of misconduct" is sufficient. Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009).

"[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. The "complaint must contain either direct or inferential allegations respecting all material elements" of the offense. In re Travel Agent Comm'n Antitrust Litig., 583 F.3d 896, 903 (6th Cir. 2009).

In addition to the foregoing, in deciding a motion for judgment on the pleadings, the court may consider papers and exhibits attached to the pleadings, as well as public records. Fed. R. Civ. P. 10(c); In re Omnicare, Inc. Sec. Litig., 769 F.3d 455, 466 (6th Cir. 2014) ("[I]f a plaintiff references or quotes certain documents, or if public records refute a plaintiff's claim, a defendant may attach those documents to its motion to dismiss, and a court can then consider them in resolving the Rule 12(b)(6) motion[.]").

Therefore, Ms. Rhoads is entitled to judgment on the pleadings (or, if the Court deems necessary, summary judgment pursuant to Fed. R. Civ. P. 12(d)).

A.    Plaintiff's Claims for Deprivation of Rights/Deprivation of Rights Conspiracy Are Outside the Statute of Limitations and Lack Merit

Although cryptically pled, Plaintiff appears to bring claims against Ms. Rhoads under both 42 U.S.C. § 1983 and 42 U.S.C. § 1985.[4]  Neither of these claims has merit.  First, the applicable statute of limitations has passed.  Second, Plaintiff's claims rest on the contention that the protective order is a "sham"; it is not, and cannot be considered a sham under collateral estoppel.  Third, the Noerr-Pennington doctrine prohibits Plaintiff from bringing these causes of action against Ms. Rhoads based on her conduct in petitioning the government for protection.  Fourth, Ms. Rhoads is not a government actor, as required under Section 1983.  Finally, Plaintiff fails to raise sufficient facts to state a claim on which relief can be granted.

1.    Plaintiff's Deprivation of Rights Claims Are Outside the Statute of Limitations

Claims arising in Ohio under 42 U.S.C. §§ 1983 and 1985 are both subject to a two-year statute of limitations.  McNamara v. City of Rittman, 473 F.3d 633, 639 (6th Cir. 2007); Beach v. Ohio, 79 F. App'x 754, 756 (6th Cir. 2003).  Plaintiff failed to file his Complaint until September 20, 2019, more than two years from actions Ms. Malof allegedly took in the summer of 2017, and well past the two-year limitations period.

Plaintiff's Complaint alleges that Ms. Rhoads participated in an ex parte hearing on the protective order on June 29, 2017, and that she caused process to be served on him on July 14, 2017.  Complaint, Doc. No. 1, PageID 5-6.  As to any later actions by law enforcement against Plaintiff, Plaintiff himself alleges they were simply effects of Ms. Rhoads's "June 29,

---

[4] Plaintiff's Complaint also references 42 U.S.C. § 1986.  However, that claim is not later enumerated in his causes of action.  Moreover, this Section has a statute of limitations of one year, and that period has clearly expired.  42 U.S.C. § 1986.

2017 act or omission."  E.g., Id. at PageID 8 (alleging that events occurred between August 13, 2018 and October 4, 2018 that were "directly caused by defendant's June 29, 2017 act or omission").  The statute of limitations under federal law "begins to run when the aggrieved party knows or has reason to know of the injury that is the basis of his action."  Beach, 79 F. App'x at 756.  Plaintiff knew or had reason to know of the protective order by July 7, 2017, and that is the last date when his statute of limitations began to run on his claims against Ms. Rhoads (and the statute certainly began to run no later than July 14).

Moreover, the "continuing violation" doctrine does not apply to extend the statute of limitations.  Eidson v. Tenn. Dep't of Children's Servs., 510 F.3d 631 (6th Cir. 2007).  Any harm suffered by Plaintiff after Ms. Rhoads obtained the temporary protective order in the summer of 2017 would simply be "ill effects" continuing after the date any cause of action accrued.  Id. at 637 ("continuing ill effects" not sufficient to extend statute of limitations).  The fact that Ms. Rhoads did not withdraw the temporary protective order also does not extend the limitations period.  Id. ("[M]ere inaction is not enough to satisfy the doctrine.").

Therefore, Ms. Rhoads is entitled to judgment on the pleadings on Plaintiff's first claim, applied to both Section 1983 and Section 1985.

2.      The Protective Order is a Valid and Enforceable Judgment of a State
        Court; Plaintiff Cannot Base His Claims on That Order

Plaintiff's claims all rest on the allegation that Ms. Rhoads obtained a "sham temporary protective order" against him.  However, Plaintiff has had the opportunity to litigate any deficiencies in the protective order, and he did so unsuccessfully.  In fact, the temporary protective order has since been converted to a permanent protective order.  See Exhibit 3.

To succeed on his claims, Plaintiff requires this Court to overturn an order that has already been fully litigated in state court by holding that Ms. Rhoads wrongfully filed for a protective order.  However, that result is barred by collateral estoppel, or issue preclusion.[5] McCormick v. Braverman, 451 F.3d 382, 397 (6th Cir. 2006).  Under Ohio law, the elements of collateral estoppel are:

1.  The issues presented in the federal lawsuit were actually and directly litigated in the prior action;

2.  A final judgment on the merits was rendered by a court of competent jurisdiction; and

3.  The persons against whom collateral estoppel is asserted was either a party or in privity with a party to the prior action.

Bates v. Shostak, No. 1:16-cv-534, 2017 U.S. Dist. LEXIS 182404, at *10 (S.D. Ohio Nov. 3, 2017).  Accord:  McCormick, 451 F.3d at 397 (applying similar elements under Michigan law).

Here, there is no question that the issues presented in the federal lawsuit were actually and directly litigated in the prior action.  Plaintiff's claims expressly reference the protective order repeatedly.  In addition, the court has converted the temporary protective order to a permanent protective order, so a final judgment on the merits has been rendered.  Finally, the parties to the protective order are the same parties here: Plaintiff and Ms. Rhoads.

Therefore, Plaintiff's Complaint should be dismissed under the doctrine of collateral estoppel.

---

[5] Defendant believes that collateral estoppel, and not the Rooker-Feldman doctrine, applies here.  Plaintiff's Complaint seems to be arguing that Ms. Rhoads obtained the protective order through some improper means.  If, instead, Plaintiff is arguing an independent injury caused by the protective order itself, then Rooker-Feldman would require dismissal of his Complaint.  McCormick, 451 F.3d at 391-94 (discussing development of Rooker-Feldman doctrine).

3.      Plaintiff's Civil Rights Claims Are Barred by the *Noerr-Pennington* Doctrine

Plaintiff's Complaint rests on the allegation that Ms. Rhoads deprived him of civil rights by petitioning the Ohio court system for a protective order (which she received). His claim fails, however, under the Noerr-Pennington doctrine, which recognizes the rights of the people to petition the government for redress. The Sixth Circuit has applied this doctrine to civil rights actions under Section 1983. Eaton v. Newport Bd. of Educ., 975 F.2d 292, 298 (6th Cir. 1992). Accord: N. Ky. Right to Life Comm. v. Ky. Registry of Election Fin., Nos. 95-6334/96-5395, 1998 U.S. App. LEXIS 495, at *17-18 (6th Cir. Jan. 7, 1998). Several jurisdictions also apply Noerr-Pennington to Section 1985 claims. Mosdos Chofetz Chaim, Inc. v. Vill. Of Wesley Hills, 701 F. Supp. 2d 568, 601 n. 21 (S.D.N.Y. 2010) ("Plaintiff's § 1985 claim does not change the analysis as the Supreme Court has held that there is no conspiracy exception to the Noerr-Pennington doctrine."); Aida Food & Liquor, Inc. v. City of Chicago, No. 03 C 4341, 2004 U.S. Dist. LEXIS 5464, at *27 (N.D. Ill. Mar. 31, 2004) (finding Noerr-Pennington doctrine bars claims under Section 1985); Kamal v. Cnty. of L.A., No. CV 17-01986-RGK (DFM), 2018 U.S. Dist. LEXIS 234835, at *32 (C.D. Cal. Aug. 2, 2018) ("Although the doctrine originated in the antitrust context, it is based on the First Amendment, and now applies to litigation in all contexts[.]").

Courts have recognized a "sham" exception to Noerr-Pennington immunity, and Plaintiff's repeated use of the word "sham" in the Complaint indicates that he may be aware of that exception. However, that exception does not apply here. "The 'sham' exception applies to cases where persons file complaints merely to harass another, abusing a governmental process without any interest in the actual outcome of that process." N. Ky. Right to Life Comm. 1998 U.S. App. LEXIS 495, at *18. To prove this exception, Plaintiff must demonstrate that Ms.

Rhoads's petition for a protective order was "objectively baseless." Scooter Store, Inc. v. SpinLife.com, 777 F. Supp. 2d 1102, 1114 (S.D. Ohio 2011). An "objectively baseless" petition is one on which "no reasonable litigant could realistically expect success on the merits[.]" Ashley Furniture Indus. v. Am. Signature, Inc., No. 2:11-cv-427, 2015 U.S. Dist. LEXIS 194690, at *11 (S.D. Ohio Mar. 12, 2015) (quoting Prof'l Real Estate Investors, Inc. v. Columbia Pictures Indus., Inc., 508 U.S. 49, 60–61 (1993)).

Plaintiff does not even make an express allegation in his Complaint that the protective order was "objectively baseless." He cannot do so, as the protective order was granted by the state court and he has been convicted of harassment of Ms. Rhoads. Therefore, the Noerr-Pennington doctrine applies, and Plaintiff's civil rights claims must be dismissed.

### 4. Plaintiff Cannot Bring a Section 1983 Claim Against Ms. Rhoads, a Private Individual Not Acting Under Color of Law

A Section 1983 claim ordinarily cannot be brought against a private individual because such a claim requires that the defendant acted "under color of state law." Dyer v. Brown, No. 1:11-cv-730, 2011 U.S. Dist. LEXIS 144554, at *6 (S.D. Ohio Nov. 17, 2011). This Court has held that a defendant who obtains a civil protective order is a private citizen and is not acting "under color of state law" for the purposes of a Section 1983 claim. Collins v. Clancy, No. 1:12-cv-152, HJW, 2014 U.S. Dist. LEXIS 56816, at *14 (S.D. Ohio Apr. 23, 2014). The Northern District of Ohio has similarly held that the fact that a state proceeding is under color of law "does not make . . . complaining or testifying other than what it was, i.e., the action of private persons not acting under the color of the law." Garrett v. Fisher Titus Hosp., 318 F. Supp. 2d 562, 573 (N.D. Ohio 2004). Under the same logic, the Western District of Michigan has held that a plaintiff's former spouse could not be held liable under Section 1983 for filing a

10

petition accusing the plaintiff of stalking and child abuse, even though the plaintiff alleged that the petition was fraudulent and defamatory. Rangel v. Rios, No. 1:14-cv-61, 2014 U.S. Dist. LEXIS 24503, at *5 (W.D. Mich. Feb. 11, 2014) ("A person cannot be said to act under color of state law merely by resorting to the courts . . . [and] a witness in a civil or criminal proceeding does not act under color of state law, even if the witness gives perjured testimony.").

Ms. Rhoads filed for a protective order against Plaintiff, and she obtained one. Plaintiff appears to raise technical objections to whether the court complied with Ohio law in issuing the order, but that question is not and cannot be before this Court. Plaintiff does not, however, allege that Ms. Rhoads made any unlawful statements in the petition for a protective order. Complaint, Doc. No. 1, PageID 4–11 (Plaintiff's allegations on civil rights claims). Plaintiff does not allege any facts that make Ms. Rhoads's conduct anything beyond what it was: A request by a private individual for protection from harassment.

5.      Plaintiff's Complaint Does Not Raise Sufficient Facts to State a Civil Rights Conspiracy

"A complaint alleging a civil rights conspiracy must be supported by specific facts showing the 'existence and scope of the alleged conspiracy.'" Hansen v. Westerville Cty. Sch. Dist., Nos. 93-3231, 93-3303, 1994 U.S. App. LEXIS 31576, at *24 (6th Cir. Nov. 7, 1994) (citation omitted). Plaintiff does not allege specific facts that would show that Ms. Rhoads is engaged in a conspiracy of any kind with others to deprive Plaintiff of his civil rights. Instead, Plaintiff alleges that Ms. Rhoads obtained a protective order against him, which caused associated legal consequences. Complaint, Doc. No. 1, PageID 9. Such allegations do not establish a conspiracy to deny him of his civil rights.

11

Therefore, Plaintiff's claim for civil rights conspiracy under Section 1985 should be dismissed.

B.     Plaintiff's Claim for Abuse of Process Should Be Dismissed

Plaintiff's claim for abuse of process also fails.  In bringing the claim, he relies on Yaklevich v. Kemp, Schaeffer & Rowe Co., L.P.A., 68 Ohio St.3d 294, 626 N.E.2d 115 (1994). Complaint, Doc. No. 1, PageID 11.   As Plaintiff alleges, the elements of abuse of process are:

> "(1) [T]hat a legal proceeding has been set in motion in proper form, and with probable cause; (2) that the proceeding has been perverted to attempt to accomplish an ulterior purpose for which it was not designed; and (3) that direct damage has resulted from the wrongful use of process."

Yaklevich, 68 Ohio St.3d at 298.  Key to such a claim is that the proceeding must be "perverted" in some way to accomplish an ulterior motive "for which it was not designed."  Plaintiff's Complaint fails to plead this element.

The Supreme Court in Yaklevich explained, "there is no liability [for abuse of process] where the defendant has done nothing more than carry out the process to its authorized conclusion, even though with bad intentions."  68 Ohio St.3d at 298 n. 2 (internal citation and quotation marks omitted).  Rather, a plaintiff must identify an act committed that was not proper and show the defendant's ulterior motive.  Beamer v. NETCO Inc., 411 F. Supp. 2d 882 (S.D. Ohio 2005).  In Beamer, the court recognized that, regardless of ill will, a party is entitled to obtain orders of the court and use the means of litigation (in that case, contempt motions) to ensure that an opposing party complies with those orders.  Id. at 891 ("The Court cannot view this as an improper purpose.").

12

Here, Plaintiff alleges that Ms. Rhoads "had ulterior motives in filing a Petition for a civil stalking protection order[.]" Complaint, Doc. No. 1, PageID 14. The supposed "ulterior motives" appear to be simply the natural consequences of filing for a protective order (i.e. various restrictions on the liberties of individuals subject to a protective order). Others – "to facilitate the deprivation of the Plaintiff's right to a fair trial[]; to harass the Plaintiff; and to facilitate employees of the City of Cincinnati and Hamilton County carrying out their plan [to deprive Plaintiff of rights] – are spurious allegations not supported by any specific facts that would support a claim. There are no specific allegations in the Complaint that would demonstrate Ms. Rhoads had any improper motive at all; such an allegation is belied by the fact that Plaintiff has been convicted of harassing her and is currently subject to a permanent protective order.[6]

Moreover, "the mere filing of a complaint cannot constitute an abuse of process." Schiff v. Dickson, 2011-Ohio-6079, ¶ 26 (8th Dist.). An abuse of process claim is also not viable when the action is successful just in obtaining the requested relief, rather than some improper consequence, regardless of motive. Malone v. Lowry, 2007-Ohio-5665, ¶ 16 (2d Dist.) ("Although [plaintiff] argues . . . that the petition was filed willfully and malicious . . . the fact remains [defendants] successfully obtained a protective order.").

---

[6] Plaintiff also identifies 19 supposed incidents of "sham legal process." He provides no reason for the Court to believe that such legal process was a "sham," nor does he provide any facts supporting an allegation that Ms. Rhoads herself issued such process. Under R.C. 2921.52, "sham legal process" refers to an instrument that: (a) is not lawfully issued; (b) purports to do one of three purposes; and (c) is designed to make another person believe it is lawfully issued. R.C. 2921.52(A)(4)(a)–(c). Plaintiff has pled no facts challenging the validity of the petition or protective order, and his argument is limited to his own legal conclusion. Bickerstaff v. Lucarelli, 830 F.3d 388, 399 (6th Cir. 2016) ("[Plaintiff] has not pleaded any allegations to undermine the validity of her indictment[.]").

Plaintiff also has identified no way in which Ms. Rhoads has supposedly "perverted" the process.  By his own allegations, Ms. Rhoads filed for a protective order and participated in a hearing.  Normal participation in legal proceedings cannot constitute abuse of process.

Filing the petition for a protective order is also protected activity under the Noerr-Pennington doctrine, which courts have applied to abuse of process claims.  Baltimore Scrap Corp. v. David J. Joseph Co., 81 F. Supp. 2d 602, 620 (D. Md. 2000) (applying Noerr-Pennington to state law abuse of process claim); E. Sav. Bank, FSB v. Papageorge, 31 F. Supp. 3d 1, 19 (D.D.C. 2014) ("[The D.C. Circuit] has extended Noerr-Pennington immunity from its original antitrust context to common law torts, including . . . abuse of process.").  In explaining that Noerr-Pennington has a wide reach, the Fifth Circuit said "[t]here is simply no reason that a common-law tort doctrine can any more permissibly abridge or chill the constitutional right of petition than can a statutory claim."  Video Int'l Prod., Inc. v. Warner-Amex Cable Comm'ns, Inc., 858 F.2d 1075, 1084 (5th Cir. 1988).  This case, and quote, was cited with approval by the Sixth Circuit, although the legal principle was beyond the holding of that case.  Campbell v. PMI Food Equip. Grp., Inc., 509 F.3d 776, 790 (6th Cir. 2007).

Therefore, Plaintiff's claim for abuse of process should be dismissed.

C.    Plaintiff's Claims for Fraud and Fraud Conspiracy Lack Merit

Plaintiff also brings claims for "Fraud; Fraud Conspiracy," again based on the petition Ms. Rhoads filed on June 29, 2017.  Complaint, Doc. No. 1, PageID 16.  As an initial matter, Ms. Malof believes that these claims cannot survive due to application of the Noerr-Pennington doctrine and collateral estoppel, as Ms. Rhoads has successfully litigated her

14

protective order petition to a successful conclusion.  Campbell, 509 F.3d at 790 ("[T]he federal courts have . . . applied [Noerr-Pennington] to claims brought under both state and federal laws, including common law claims[.]"); Rondigo LLC v. Twp. of Richmond, No. 08-10432, 2012 U.S. Dist. LEXIS 41428, at *13 (E.D. Mich. Feb. 6, 2012) ("Courts in this district have also extended the Noerr-Pennington doctrine's protection to state law claims."); DirecTV v. Milliman, No. 02-74829, 2003 U.S. Dist. LEXIS 20938 (E.D. Mich. Aug. 26, 2003) (applying doctrine to seven counterclaims, including fraud).  But Plaintiff's fraud claims also fail for additional reasons.

To prove fraud, Plaintiff must prove six elements:

1. "A representation or, where there is a duty to disclose, a concealment of fact;"

2. "[W]hich is material to the transaction at hand;"

3. "[M]ade falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred;"

4. "[W]ith the intent of misleading another into relying upon it;"

5. "[J]ustifiable reliance upon the representation or concealment;" and

6. "[A]n injury proximately caused by the reliance."

Watson v. Cty. of Cleveland, 202 F. App'x 844, 857 (6th Cir. 2006).  Plaintiff alleges that Ms. Rhoads made various false representations regarding the protective order, such as that it "was issued in accordance with R.C. 2903.214(D)" and regarding "the authenticity" of the protective order.  Plaintiff, as explained above, is precluded from arguing that the protective order was inauthentic or not issued in accordance with Ohio law.  Further, these statements would be legal opinions that cannot form the basis of a fraud claim.  Lynch v. Dial Fin. Co., 101 Ohio App.3d

742, 750 (8th Dist. 1995) ("[U]nder Ohio law, a representation of law is an opinion and cannot form the basis of an action for fraud in the absence of a fiduciary relationship.").

In addition, even if legal opinions could support his claims (and they cannot), Plaintiff would need to prove that Ms. Rhoads <u>knew</u> which section of Ohio law the protective order was issued under, or that the protective order was inauthentic (which it was not).  As to knowledge, however, he points only to "the Petition itself" and "other court filings served on the defendant."  However, the Petition – which pre-dates the protective order – was filed <u>before</u> Ms. Rhoads allegedly made any representations regarding the authenticity of the protective order or the relevant statute.[7]  There is nothing in the Petition or anything else suggested by Plaintiff to indicate that Ms. Rhoads, a layperson, would have any reason to question the enforceability or authenticity of a protective order issued by an Ohio court.  Plaintiff's additional reference to unspecified documents (which were not even filed or sent by Ms. Rhoads) either showing Ms. Rhoads's knowledge or intent fall far short of Plaintiff's pleading burden.

Finally, to the extent Plaintiff alleges that Ms. Rhoads participated in some kind of fraudulent conspiracy, Plaintiff has not met his pleading burden.  Aside from legal conclusions, Plaintiff's allegations do not state specific facts that would demonstration an agreement between Ms. Rhoads and anyone else for an improper purpose.

Therefore, Plaintiff's claims for fraud and fraud conspiracy should be dismissed.

---

[7] Ms. Rhoads, who sought and continues to seek to have no contact with Plaintiff, denies that she made any representations at all directly to Plaintiff regarding the protective order in the relevant time.

D.     Plaintiff's Claim for Negligence Should Be Dismissed

Plaintiff also fails to state a claim for negligence.  Plaintiff's claim is outside of the statute of limitations, and Plaintiff's claim lacks merit.

Like the civil rights actions above, a negligence claim under Ohio state law has a two-year statute of limitations.  Al-Mosawi v. Plummer, 2012-Ohio-6034, ¶ 14 (2d Dist.). Plaintiff's negligence claim is centered on acts or omissions allegedly made by Ms. Rhoads on June 29, 2017.  Complaint, Doc. No. 1, PageID 24.  Plaintiff filed his Complaint on September 20, 2019, more than two years later.

In addition, Plaintiff's negligence claims, like his other claims, center on the alleged "sham protective order," but that argument is foreclosed to Plaintiff due to collateral estoppel.  Ms. Rhoads had a right to file for a protective order in response to Plaintiff's harassment.  Ms. Rhoads is also shielded from liability for negligence under the Noerr-Pennington doctrine.  LightSquared Inc. v. Deere & Co., Nos. 13 Civ. 8157, 13 Civ. 5543, 2015 U.S. Dist. LEXIS 14412, at *45 (S.D.N.Y. Feb. 5, 2015) ("[T]he Noerr-Pennington doctrine 'bar[s] liability in state common law tort claims, including negligence[.]'") (quoting Tuosto v. Philip Morris USA Inc., No. 05 Civ. 9384, 2007 U.S. Dist. LEXIS 61669 (S.D.N.Y. Aug. 21, 2007)); Mosdos Chofetz Chaim, Inc., 701 F. Supp. 2d at 594 ("Noerr-Pennington has also been applied to bar liability in state common law tort claims, including negligence[.]").

Therefore, Ms. Rhoads is entitled to judgment on the pleadings on Plaintiff's claim for negligence.

IV.     <u>CONCLUSION</u>

   For the reasons above, Plaintiff's claims lack merit.  Ms. Rhoads is entitled to judgment on the pleadings.

        Respectfully submitted,


        <u>/s/ Jason W. Palmer</u>
        Jason W. Palmer (0088336)
        Trial Attorney
        FARUKI PLL
        Suite 1420
        201 East Fifth Street
        Cincinnati, Ohio 45202
        Telephone:  (937) 227-3700
        Telecopier:  (937) 227-3717
        Email: jpalmer@ficlaw.com

        Counsel for Defendant

## <u>CERTIFICATE OF SERVICE</u>

I certify that a copy of the foregoing has been served via electronic mail and

regular U.S. mail upon the following, this 20th day of March, 2020:

> Bryan Kanu
> 1824 Mears Rd.
> Apt. 10 c/o Adams-Kanu
> Cincinnati, Ohio 45230
>
> Bryan Kanu
> Inmate Number 1706942
> Hamilton County Justice Center
> 900 Sycamore St.
> Cincinnati, OH 45202
> Email: bryan.kanu18@gmail.com

/s/ Jason W. Palmer
Jason W. Palmer

1401462.1