# EXHIBIT 5

**HAMILTON COUNTY MUNICIPAL COURT
CINCINNATI, OHIO**





D124800134 03/12/2019

| | | |
|---|---|---|
| **Bryan Kanu** | : | **CASE NO. 19 CV 00932** |
| **Plaintiff** | : | |
| vs. | : | **JUDGE CURTIS E. KISSINGER** |
| **Stephanie Malof** | : | <u>Decision and Entry Granting Defendant's Motion to Dismiss</u> |
| **Defendant** | : | |

This matter is before the court on defendant, Stephanie Malof's ("Malof"), Motion to Dismiss. Malof's Civil Rule 12(B)(6) motion asserts that plaintiff, Bryan Kanu's ("Kanu"), complaint fails to state a claim upon which relief can be granted.

### CIVIL RULE 12(B)(6)

A Civ.R. 12(B)(6) motion to dismiss tests the sufficiency of the complaint. In ruling on such a motion, the trial court must take all the allegations in the complaint as true and draw all reasonable inferences in favor of the nonmoving party. *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192, 532 N.E.2d 753 (1988); *Cincinnati ex rel. Zimmer v. Cincinnati*, 176 Ohio App.3d 588, 2008-Ohio-3156, 892 N.E.2d 987, ¶ 8. It may dismiss a complaint on a Civ.R. 12(B)(6) motion only when the plaintiff can prove no set of facts that would entitle the plaintiff to relief. *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242, 327 N.E.2d 753 (1975). The court should not rely on evidence outside the pleadings, but it may consider materials that are referred to or incorporated in the complaint. *Mann v. Cincinnati Enquirer*, 1st Dist. Hamilton No. C-090747, 2010-Ohio-3963, ¶ 11; *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 548, 1992-Ohio-73, 605 N.E.2d 378; *Coors v. Fifth Third Bank*, 1st Dist. Hamilton No. C-050297, 2006-Ohio-4505, ¶ 10-11.

### PLAINTIFF'S COMPLAINT

Kanu's complaint alleges that "Malof invaded Mr. Kanu's privacy by sharing sensitive documents with outside, unnamed persons." Despite the rather cryptic



VERIFY RECORD

verbiage in the complaint, the reasonable inference to be drawn is that Malof allegedly provided email communications to Todd Ploehs, Jonathan Rengering and Elizabeth Vollmer Poston who, at the time, where "acting under the scope of their official duties." The Complaint additionally references Malof's pursuit of a "civil stalking protection order against Mr. Kanu."

As stated by the First District Court of Appeals in *Coors v. Fifth Third*, supra, a court may consider materials that are referred to in the complaint. The records of the Hamilton County Clerk of Court identifies the existence of a Civil Stalking Protection Order issued by the Hamilton County Court of Common Pleas in the case captioned *Stephanie M. Malof v. Bryan Kanu*, Case No. SK1700816. The Clerk's record additionally references the existence of a pending felony criminal indictment for Menacing by Stalking based upon an alleged violation of the aforementioned Civil Protection Order identified in Kanu's complaint. See, *State of Ohio v. Bryan Kanu*, Case No. B-180025. The individual identified in plaintiff's complaint as Todd Ploehs is a police officer with the City of Cincinnati. Jonathan Rengering is a prosecutor for the City of Cincinnati, and Elizabeth Vollmer Poston is an Assistant Prosecutor with the Hamilton County Prosecutor's Office.

### PLAINTIFF'S DEMAND FOR JUDGMENT

More relevant to the disposition of the Motion to Dismiss is the relief Kanu requests from the Court. Kanu's demand reads as follows:

> "**Plaintiff demands judgment** against the Ms. Malof in the form of either: **(a)(i)** a signed contract constituting an agreement between Mr. Kanu and Ms. Malof that Ms. Malof will abandon any and all plans she has or may have had in regard to seeking a civil stalking protection order against Mr. Kanu. The agreement will also include a statement that Ms. Malof will take affirmative action to have any and all temporary orders dissolved, and will refrain from taking further action so that any temporary orders to make any temporary orders permanent; **(a)(ii)** a signed agreement – in the case where any temporary order has been made permanent for a period of time not to exceed 5 years – Ms. Malof will take affirmative action to petition the Hamilton County Court of Common Pleas Civil Division to dissolve said permanent order of protection **within nine (9) days of judgment** in favor of Plaintiff in the case; **or (b)** a payment of **$1,998.20 +** court fees ($111.15).
>
> Additionally, Mr. Kanu **also demands** a copy of every correspondence sent by Ms. Malof to **any and every person who requested and/or received** the information shared by Ms. Malof constituting the violation of Mr. Kanu's privacy within **nine (9) days** of judgment in favor of Plaintiff in this case so that Mr.

> Kanu can investigate whether or not additional violations of his privacy occurred.
> Lastly, Mr. Kanu **demands** that Ms. Malof sign a non-disclosure agreement with Mr. Kanu that will prevent further injury to Mr. Kanu by requiring Ms. Malof to agree to pay Mr. Kanu **$1,998.20 for each individual violation** subsequent to the signing of said non-disclosure agreement." (Emphasis in original)

In sum, Kanu is requesting this court to compel Malof to enter into an agreement by which she will agree to seek dissolution of an existing civil protection order issued by the court of common pleas, for Malof to agree to provide Kanu copies of documents she allegedly provided to public officials, and to agree to sign a prospective "non-disclosure agreement."

## LEGAL ANALYSIS

### A. SUBJECT MATTER JURISDICTION

Municipal courts can exercise only such powers as are conferred upon them by statute. *Bretton Ridge Homeowners Club v. DeAngelis*, 22 Ohio App.3d 65, 488 N.E.2d 925 (8th Dist. 1985). R.C. 1901.17 provides that Ohio municipal courts have original jurisdiction where the amount claimed does not exceed fifteen thousand dollars. R.C. 1901.18 establishes the types of actions for which the municipal court has original jurisdiction. Municipal courts do not have subject matter jurisdiction over actions which are principally equitable in nature. *Bretton Ridge Homeowners Club, supra.* The only exception is contained in R.C. 1901.08(A)(3) affording the court the ability to determine equitable remedies necessary for a determination of the rights of parties under a contract.

Plaintiff cites to R.C. 149.43(A)(4) and Restatement of the Law 2d, Torts, Section 652B as the basis for the Court's subject matter jurisdiction. The former is Ohio's public records statute. As for the later, an action for invasion of privacy in Ohio is generally derived from Restatement of the Law 2d, Torts, Section 652B. *Housh v. Peth*, 165 Ohio St. 35, 133 N.E.2d 340 (1956).

First, Kanu's reliance on R.C. 149.43(A)(4) is misplaced and does not invoke the jurisdiction of the municipal court. Ohio's public records statute generally places the obligation of responding to records requests served upon public agencies. The statute defines the documents responsive to a request and the information exempt from disclosure. More importantly, R.C. 149.43(C)(1) state that persons aggrieved by the failure of a public entity to promptly responds to a request is to file an action in the court of claims or in the common pleas court, or a mandamus action in the court of common pleas, the Supreme Court, or the court of appeals. Regardless of whether or not the documents Malof, a private person, gave to law enforcement is a "trial preparation record" as Kanu alleges, this Court does not have jurisdiction to decide issues regarding R.C. 149.43. *Schregardus v. Croucher*, 56 Ohio App.3d 174, 565 N.E.2d 880 (8th Dist. 1989).

Second, while Ohio law recognizes the viability of a tort action based upon a claim of invasion of privacy, the municipal court is precluded from granting the equitable relief Kanu requests. Kanu is requesting the court to issue a judgment against Malof "in the form of either... a signed contract constituting an agreement" regarding actions Kanu wants Malof to take in relation to an existing Civil Order of Protection. Kanu also demands an order requiring Malof give him a copy of documents she gave to "any and every person who requested and/or received the information [Malof] shared." Finally, Kanu demands that Malof sign a "non-disclosure agreement." Kanu's complaint does not seek an award of monetary damages for the alleged invasion of privacy. In addition, the equitable relief requested is not in relation to a contract between the parties. In sum, R.C. 1901.18 does not confer upon this court the authority to grant the equitable relief he seeks.

## B. PLAINTIFF'S CLAIM OF INVASION OF PRIVACY

In Ohio, prior to 2007, the following types of invasion of privacy were actionable: (1) the unwarranted appropriation or exploitation of one's personality; (2) the publicizing of one's private affairs with which the public has no legitimate concern; and (3) the wrongful intrusion into one's private activities. *Housh v. Peth*, 165 Ohio St. 35, 133 N.E.2d 340 (1956); *Sustin v. Fee*, 69 Ohio St.2d 143, 145, 431 N.E.2d 992 (1982); *Greenwood v. Taft, Stettinius & Hollister*, 105 Ohio App.3d 295, 663 N.E.2d 1030 (1st Dist. 1995). In 2007, the Ohio Supreme Court recognized a fourth theory, the "false light" invasion of privacy theory. *Welling v. Weinfeld*, 113 Ohio St.3d 464, 2007-Ohio-2451, 866 N.E.2d 1051, paragraph one of the syllabus.

Based upon the allegations in Kanu's complaint, including references to the Ohio Supreme Court's decision in *Sustin v. Fee*, it appears Kanu is relying on the third-prong of *Housh* – wrongful intrusion into one's private activities. The First District has held that in order to establish such a claim, plaintiff is required to prove that the area intruded upon was private, and that the intrusion by the defendant was unwarranted and offensive or objectionable to the reasonable man. *Contadino v. Tilow*, 68 Ohio App. 3d 463, 589 N.E.2d 48 (1st Dist. 1990). This is a two-prong standard requiring an intrusion upon private matters that would be highly offensive to a reasonable person. *Sustin v. Fee*, supra, p. 145; *Miller v. Children's Hosp. Med. Ctr.*, 1st Dist. Hamilton No. C-050738, 2006-Ohio-3945, ¶ 16.

Ohio courts have further clarified that the intrusion must be wrongful, as well as done in a manner as to outrage or cause mental suffering, shame or humiliation to a person of ordinary sensibilities. *Roe ex rel. Roe v. Heap*, 10th Dist. Franklin No. 33AP-586, 2004-Ohio-2504, ¶ 81. The term "wrongful" does not require that the intrusion itself be wrongful in the sense that there is no right to make any intrusion. Rather, "wrongful" may relate to the manner of making the intrusion. *Id.* at ¶ 82, quoting *Strutner v. Dispatch Printing Co.*, 2 Ohio App.3d 377, 378-379, 442 N.E.2d 129 (10th Dist. 1982). The intrusion tort has also been explained as being akin to trespass "in that it involves intrusion or prying into the plaintiff's private affairs. Examples would be wiretapping [and] watching or photographing a person through windows of his residence. *Killea v. Sears, Roebuck & Co.*, 27 Ohio App.3d 163, 499 N.E.2d 1291 (10th Dist. 1985).

Based upon the court's review of the complaint, it appears beyond doubt that Kanu can prove no set of facts in support of his claim which would entitle him to relief. Kanu alleges no facts that the information Malof conveyed to government officials was private, that she committed an intrusion in order to obtain that information, let alone that any intrusion was wrongful.

## CONCLUSION

Based upon the foregoing, the Court concludes that it is without subject matter jurisdiction to grant the relief requested by plaintiff in his complaint. In addition, the court finds, beyond doubt, that plaintiff can prove no set of facts entitling him to recovery. As a result, defendant's Motion to Dismiss is well-taken and hereby granted. Plaintiff's complaint is dismissed.

IT IS SO ORDERED.

Judge Curtis E. Kissinger
Date: March 11, 2019

Copies to:

Bryan Kanu
2663 Wender Dr., #1919
Cincinnati, Ohio 45238

Stephanie Malof
2160 Gilbert Ave., A
Cincinnati, Ohio 45206

ORDER:
NOTICE MAILED
TO PARTIES
ON:
BY: