IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (CINCINNATI)

| | | |
|---|---|---|
| BRYAN KANU, | : | CASE NO. 1:19CV806 |
| Plaintiff, | : | Judge Cole |
| v. | : | Magistrate Judge Bowman |
| STEPHANIE RHOADS f/k/a STEPHANIE MALOF, | : | **DEFENDANT'S MOTION TO STAY PROCEEDINGS PENDING RESOLUTION OF MOTION FOR JUDGMENT ON THE PLEADINGS** |
| Defendant. | : | |
| | : | |

_____

Pursuant to Fed. R. Civ. P. 6(b), Fed. R. Civ. P. 26, and this Court's inherent authority, and for good cause, Defendant Stephanie Rhoads f/k/a Stephanie Malof ("Ms. Rhoads") respectfully requests that the Court stay all proceedings in this case pending resolution of Ms. Rhoads's Motion for Judgment on the Pleadings.  Ms. Rhoads requests that this stay include, but not be limited to, a suspension of all discovery and of the deadlines for filing further pleadings and conducting pretrial or scheduling conferences.  A memorandum in support is enclosed, and a proposed order granting this motion is attached as Exhibit A.

Respectfully submitted,

/s/ Jason W. Palmer
Jason W. Palmer (0088336)
FARUKI PLL
201 East Fifth Street, Suite 1420
Cincinnati, Ohio 45202
Telephone: (513) 632-0300
Telecopier: (513) 632-0319
Email: jpalmer@ficlaw.com

Attorney for Defendant

**MEMORANDUM IN SUPPORT OF**
**DEFENDANT'S MOTION TO STAY PROCEEDINGS PENDING RESOLUTION OF**
**MOTION FOR JUDGMENT ON THE PLEADINGS**

Pursuant to Fed. R. Civ. P. 6(b), Fed. R. Civ. P. 26, and this Court's inherent authority, Defendant Stephanie Rhoads f/k/a Stephanie Malof ("Ms. Rhoads") respectfully requests that the Court stay all proceedings in this case, pending resolution of Defendant's Motion for Judgment on the Pleadings ("Defendant's Motion"). Ms. Rhoads requests that this stay include, but not be limited to, a suspension of all discovery and of the deadlines for filing further pleadings and conducting pretrial or scheduling conferences.

The history of this matter, and the interactions between the parties, is described in Defendant's Motion and in the Ohio First District Court of Appeals decision in State v. Kanu, Hamilton Cty. No. C-180585, 2019 Ohio App. LEXIS 4256 (Oct. 9, 2019). Plaintiff was convicted of telecommunications harassment of Ms. Rhoads, for which he is currently serving in the Hamilton County Justice Center. For that same conduct, Ms. Rhoads obtained a protective order in the summer of 2017, and that protective order has since been made permanent. See Order of Protection, Ex. 3 to Defendant's Motion. Plaintiff has obtained an extension of time to respond to Defendant's Motion due to his current incarceration, which is expected to end on April 21, 2020. Plaintiff's opposition is now due on May 18, 2020.

Defendant's Motion raises significant legal barriers to Plaintiff's claims that, if well-taken, would result in the dismissal of Plaintiff's Complaint in its entirety. If the Court grants Defendant's Motion, then there will be no need for the parties to conduct discovery or participate in additional proceedings, unnecessarily expending the resources of the parties and

this Court.[1]  Moreover, a stay of proceedings will relieve any concerns Ms. Rhoads has of providing personal information to Plaintiff in discovery and facing questions from him at a deposition, at least until it is clear that such discovery is necessary and proper.[2]

This Court has broad discretion to stay discovery pending resolution of Defendant's dispositive motion.  Hahn v. Star Bank, 190 F.3d 708, 719 (6th Cir. 1999) ("Trial courts have broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined.").  "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with the economy of time and effort for itself, for counsel, and for litigants." Shirk v. Fifth Third Bancorp, No. 05-cv-49, 2005 U.S. Dist. LEXIS 12871, at *4 (S.D. Ohio Jun. 29, 2005) (quoting Landis v. N. Am. Co., 299 U.S. 248, 254, 57 S. Ct. 163, 166 (1936)).

District courts across the country routinely issue stays where a defendant has filed a dispositive motion that appears well-founded and the plaintiff does not need further discovery to oppose it.  NPS LLC v. Ambac Assurance Corp., 706 F. Supp. 2d 162, 167 (D. Mass. 2010) ("Because Ambac's motion for summary judgment presents legal issues for which further discovery would likely not be necessary, I granted the motion to stay discovery[.]"); Standifer v. Broadmoor Dev., Inc., No. 8:12CV176, 2013 U.S. Dist. LEXIS 25126, at *2-3 (D. Neb. Feb. 25, 2013); Am. Gen. Life Ins. Co. v. Hannah, No. 1:12-CV-00087, 2012 U.S. Dist. LEXIS 174494,

---

[1] Although Plaintiff is not represented by counsel and Defendant is represented on a pro bono basis, there are expenses and costs related to discovery, depositions, and other litigation matters.  Moreover, it would likely take considerable efforts from the parties and third-party witnesses – many of whom are members of law enforcement – to organize and address the hundreds of allegations in Plaintiff's Complaint.

[2] A stay of proceedings is also consistent with guidelines that individuals should limit unnecessary interactions and shelter in place during the global pandemic.  See Southern District of Ohio General Order 20-08.

2

at *4-5 (N.D. Miss. Dec. 10, 2012); Perelman v. Perelman, No. 10-5622, 2011 U.S. Dist. LEXIS 85470, at *7-8 (E.D. Pa. Aug. 3, 2011); Donald v. Arrowood Indem. Co., No. 2:10-cv-227, 2011 U.S. Dist. LEXIS 84633, at *1-5 (S.D. Miss. Aug. 1, 2011). Defendant's Motion presents legal arguments, and the only necessary facts come from the Complaint, documents attached to or referenced in the Complaint, and public court dockets. None of these facts or legal arguments will be aided by discovery.

The Sixth Circuit, moreover, has said that "[l]imitations on pretrial discovery are appropriate where claims may be dismissed 'based on legal determinations that could not have been altered by any further discovery.'" Gettings v. Bldg. Laborers Local 310 Fringe Benefits Fund, 349 F.3d 300, 304 (6th Cir. 2003) (quoting Muzquiz v. W.A. Foote Mem'l Hosp., Inc., 70 F.3d 422, 450 (6th Cir. 1995)).

For these reasons, the Court should grant a stay of all proceedings, pending resolution of Defendant's Motion for Judgment on the Pleadings.[3] A proposed order granting this stay is attached as Exhibit A.

---

[3] Prior to filing this motion, Defendant mailed a request asking Plaintiff to agree to the stay. If Defendant receives Plaintiff's consent, then Defendant will notify the Court.

       Respectfully submitted,

       /s/ Jason W. Palmer
       Jason W. Palmer (0088336)
       FARUKI PLL
       Suite 1420
       201 East Fifth Street
       Cincinnati, Ohio 45202
       Telephone: (513) 632-0300
       Telecopier: (513) 632-0319
       Email: jpalmer@ficlaw.com

       Attorney for Defendant

## CERTIFICATE OF SERVICE

I certify that on the 8th day of April, 2020, I electronically filed the foregoing Defendant's Motion to Stay Proceedings and Response to Plaintiff's Motion to Extend Time to Reply with the Clerk of Courts using the CM/ECF system, which will send notification of such filing to CM/ECF participants, and I hereby certify that I have mailed by United States Postal Service the document to:

Bryan Kanu
JMS# 1706942
Hamilton County Justice Center
900 Sycamore Street
Cincinnati, Ohio 45202

Plaintiff

/s/ Jason W. Palmer
Jason W. Palmer

1412981.1